UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KEVIN POLLACK,

                                          Docket No. 23-cv-2376 KAM-SJB

                       Plaintiff,

                                          **ANSWER AND**
                                          **COUNTERCLAIMS**
     -against-

JODIE LOUISE GORDON (also known as
JODY GORDON) and FUSION MODELS
BK LLC.,


                                  Defendants.
-----------------------------------------------------------------X

       The Defendants, JODIE LOUISE GORDON (a/k/a JODY GORDON) and FUSION MODELS BK LLC., hereby appears in this action, by her attorneys, STRAZZULLO LAW & ASSOCIATES, PLLC, as and for her Answer to the Complaint of KEVIN POLLACK, the Plaintiff herein, respectfully alleges as follows:

       1.     ADMITS the allegations set forth in paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 20, 21, 28, 45, 79, and 96.

       2.     DENY the allegations set forth in paragraph 12 in so far as the Defendants do not owe money to plaintiff and the amount in controversy is not $75,000.

       3.     DENY the allegations set forth in paragraphs 1, 19, 25, 26, 27, 29, 30, 31, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 48, 50, 52, 59, 60, 61, 62, 68, 69, 70, 74, 75, 76, 77, 80, 81, 82, 86, 87, 88, 89, 90, 93, 97, 98, 99, 100, 103, 106, and 107.

       4.     Defendants denies all other allegations not specifically addressed, *supra.*

5. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 3, 16, 17, 18, 23, 24, 28, 32, 33, 34, 35, 47, 49, 51, 53, 54, 55, 56, 57, 58, 63, 65, 66, 67, 72, 73, 79, 84, 85, 92, 94, 95, 101 and 102.

6. Defendants repeat and reiterate the allegations set forth in paragraphs 64, 71, 78, 83, 91, 100, and 104.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted and Plaintiff's claim is barred by the doctrine of accord and satisfaction.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

The action is barred by the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

The action is barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

The action is barred by failure to comply with condition(s) precedent.

## SEVENTH AFFIRMATIVE DEFENSE

The action is barred by the doctrine of unconscionability.

## EIGHTH AFFIRMATIVE DEFENSE

The action is barred by violation of law.

NINTH AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to assert the Verified Complaint.

TENTH AFFIRMATIVE DEFENSE

The action is barred by the applicable statute of limitations.

ELEVENTH AFFIRMATIVE DEFENSE

The action is barred by the failure to join indispensable party(-ies).

TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages.

THIRTEENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the instant matter.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the doctrine of res judicata.

COUNTERCLAIMS

AS AND FOR A FIRST COUNTERCLAIM- BREACH OF FIDUCIARY DUTY

7. Insofar as Plaintiff is allowed to assert claims against Defendants regarding a dissolved company, Defendant alleges the following:

8. Plaintiff's causes of action revolve around a limited liability company that was formed in 2006, known as Fusion Modeling Agency LLC (hereinafter the "Company").

9. On or about December 7, 2006, Defendants and other investors and members entered into a written "Operating Agreement of Fusion Modeling Agency LLC" (hereinafter the "Operating Agreement").

10. The Company was dissolved via Judicial Order on May 3, 2021. A copy of the Judicial Order of dissolution is annexed hereto as **Exhibit "A"**.

11. Up until the date of dissolution, Defendant Jodie Gordon had a 65% stake in the Company, while Plaintiff Kevin Pollack had a 35% stake in the Company.

12. Furthermore, Plaintiff was a "member" of the Company until the date of dissolution.

13. Because Plaintiff was both a member and stakeholder of the Company at the time of dissolution, Plaintiff owed Defendants a fiduciary duty of good faith and fair dealing.

14. Plaintiff breached his fiduciary duty to Defendants by continually frustrating the purpose of the Company for the last several years.

15. In 2016, Mr. Pollack refused to co-sign with Ms. Gordon for a lease for the Company. Ms. Gordon had to assume all of the risk to continue in the best interest of the business.

16. Mr. Pollack had utterly refused to consent to the Company obtaining bank overdraft protection. This was necessary to effectuate the functionality of the Company because of the nature of cash flow in the modeling industry.

17. Mr. Pollack has also repeatedly denied to co-sign loans for the Company through a bank, leaving Petitioner Gordon to assume all of the financial risk for the Company.

18. The Coronavirus Pandemic severely impacted the Company's business as a modeling agency.

19. The only way for the Company to survive the Coronavirus pandemic was to obtain relief in the form of loans and grants.

20. With time being of the essence, Defendants approached Plaintiff to ask his permission to obtain bank loans to continue to help the struggling Company. Plaintiff utterly refused to do so.

21. By refusing to exercise his rights as a member to further the goals of the Company, Plaintiff breached his fiduciary duty to Defendants.

22. Because of Plaintiff's breach of fiduciary duty, Defendants suffered damages in an amount to be determined in trial.

### AS AND FOR A SECOND COUNTERCLAIM- ATTORNEY'S FEES

23. Defendants realleges and incorporates herein by reference the foregoing allegations, defenses, assertions, facts, and circumstances.

24. Section 9.11 of the Operating Agreement provides that "[i]n the event that any dispute between the Managing Members, or between the Managing Member and the Members, or between the Company and the Members, or among the Members should result in litigation or arbitration, the prevailing party in such dispute will be entitled to recover from the other party all reasonable fees, costs and expenses of enforcing any right of the prevailing party, including without limitation, reasonable attorneys' fees and expenses".

25. Accordingly, Defendants demand that the costs and attorneys' fees of this action be borne by Plaintiff.

WHEREFORE, Defendants demands judgment against Plaintiff on her counterclaims for breach of fiduciary duty, attorneys' fees.

Dated: Brooklyn, New York
May 12, 2023

Yours, etc.,

_____
Salvatore E. Strazzullo, Esq.
Strazzullo Law & Associates PLLC

Attorneys for Defendant
7101 18th Avenue
Brooklyn, New York 11204
Phone: 718-259-4600
Fax: 718-259-4494

To: David Kasell, Esq.
Kassell Law Firm
Attorneys for Plaintiff
1038 Jackson Avenue, #4
Long Island, New York 11101