# Kasell Law Firm

May 25, 2023

*Via CM/ECF*

Hon. Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East Chambers 304N,
Courtroom 13C
Brooklyn, New York 11201

Re:   Response to Order to Show Cause Issued by Court in *Pollack v. Gordon and Fusion Models BK LLC*, 23 Civ. 02376

Judge Bulsara:

As counsel for Plaintiff in the above-caption action, I write in response to the Order to Show Cause issued May 22, 2023, that states in relevant part: "Plaintiff failed to file the required Rule 7.1 disclosure statement by the Court's deadline despite two Court orders. Plaintiff is directed to show cause why this action should not be dismissed."

Plaintiff is an individual natural person and Plaintiff's counsel did not file a Rule 7.1 disclosure (often called a "corporate disclosure statement") because Plaintiff's counsel believes, as do other law firms, that "Rule 7.1(a)(2) only requires a statement of the citizenship of any individuals or entities whose citizenship is ***imputed*** to a party (emphasis added)."[1] Because there is no citizenship that may be imputed or attached to Plaintiff, there is nothing to disclose. *See* Fed. R. Civ. P. 7.1(a)(2) (requiring parties to file a disclosure statement that sets forth the citizenship of "every individual or entity whose citizenship ***is attributed*** to that party[.]") (emphasis added). Indeed, as the Court's Order to Show Cause states: "Federal Rule of Civil Procedure 7.1 requires parties in a diversity case to file a disclosure statement identifying the citizenship of every individual ***associated*** with a party (emphasis added)." Here, there is no individual associated with Plaintiff and, thus, no disclosure can be made.

Moreover, Plaintiff had the burden of alleging, and later proving by a preponderance of evidence, this Court's subject matter jurisdiction, which in this case is based on diversity. *See, e.g.*, *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 443 (2d

---

[1] Cleary Gottlieb Steen & Hamilton LLPU.S. Federal Rule Amendment Puts Spotlight on Foreign Businesses' Citizenship, https://www.clearygottlieb.com/news-and-insights/publication-listing/us-federal-rule-amendment-puts-spotlight-on-foreign-businesses-citizenship (last checked May 25, 2023).

# Kasell Law Firm

Cir. 2019). Plaintiff therefore alleged his citizenship in the Complaint. Doc. No. 1, ¶3 ("Pollack is a citizen of Florida."). Plaintiff also alleged:

> 5. Gordon is a citizen of New York who resides in Brooklyn, New York.
>
> 6. Fusion BK is a limited liability company formed under the laws of the State of New York . . . .
>
> 8. Upon information and belief, Fusion BK only has one member, Jodie Gordon.
>
> 9. Upon information and belief, Fusion BK is a citizen of New York.
>
> 10. Upon information and belief, Gordon is Fusion BK's managing member. . . .
>
> 12. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this action because Plaintiff is a citizen of Florida and Defendants are citizens of New York and the amount in controversy exceeds $75,000.

Counsel's interpretation of Rule 7.1 not applying to Plaintiff was further buttressed by what counsel believes is a long-standing practice in this District not to require Rule 7.1 disclosures for natural persons. Counsel notes that the Eastern District of New York refers to this disclosure as a "***Corporate*** Disclosure Statement" when parties ask how to file a Rule 7.1 disclosure on PACER. https://www.nyed.uscourts.gov/court-info/faq?page=5 (emphasis added) (last checked May 25, 2023)

Counsel has practiced in this Court for over two decades and never disclosed the citizenship of a natural person in a Rule 7.1 statement (as opposed to citizenship of a natural person being alleged in a complaint or admitted/denied in an answer/motion to dismiss). Nor has counsel ever seen it done (which is not to say that it is not done, but merely that counsel has never seen it done). The fact that counsel has never seen this practice buttressed his belief that Rule 7.1(a)(2) did not apply and, thus, the Order, did not apply to Plaintiff.

Indeed, after receiving the Court's Order to Show Cause, counsel reviewed some recent cases filed in this District that have been based on diversity jurisdiction and did not find a case where a natural person filed a Rule 7.1 disclosure. Counsel did find that sometimes it appears the clerks of the Court will check that the civil docket sheet to see if diversity is correctly marked, as was done here. *See* Ex. A (sample dockets); *see also* Ex.

# Kasell Law Firm

B (civil cover sheet for this case). These courts apparently treat this disclosure statement as satisfying Rule 7.1. If so, this is in conformity with the fact that the disclosure statement must be filed with the party's "***first appearance, pleading***, petition, motion, response, or other request addressed to the court." Fed. R. Civ. P. 7.1(b)(1) (emphasis added).[2]

In light of the language of the Rule 7.1, counsel's own experience, and what appears to be the District's long-standing practice of not requiring separate Rule 7.1 disclosures (that are commonly called Corporate Disclosure Statements) for natural individuals, counsel genuinely did not believe the Order was focused on Plaintiff but instead focused on Defendants who had not – and still have not –confirmed the citizenship of the member(s) of the defendant LLC. Plaintiff's counsel believed that the Court issued a blanket order to both parties and, as this Order had already been complied with by Plaintiff (in the Complaint and civil cover sheet), a new document did not need to be filed by Plaintiff.

As the Court noted in its order, the Rule 7.1 requirement is "designed to facilitate an early and accurate determination of jurisdiction." Fed. R. Civ. P. 7.1(a)(2) advisory committee's note to 2022 amendment. The Court is well aware that an LLC lacks a citizenship of its own and, instead, the citizenship of every member of the LLC (as an unincorporated association) is attributed to the entity. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). There is no way for the Court to determine its subject matter jurisdiction until Defendant Fusion Models BK LLC – not Plaintiff – complies with Rule 7.1.

In light of the above, dismissal of Plaintiff's complaint would be an extraordinarily harsh remedy (particularly as Defendants have not yet complied with their obligations). Plaintiff's counsel hopes that the above shows he treats all Court orders seriously. Courts unquestionably have substantial inherent power to manage their dockets with the confines of the power given under the Federal Rules. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962); *Hanna v. Plumer*, 380 U.S. 460, 471 (1965). If the Court believes that Plaintiff's counsel did not interpret Rule 7.1 correctly, and should not have treated the Order as a blanket order aimed at both parties that had already been complied with by Plaintiff (but not Defendant), then counsel will promptly file a separate Rule 7.1 disclosure statement for the Plaintiff.

---

[2] Whether the allegations and statements in the Complaint and civil cover sheet satisfy Rule 7.1 depends on the Court's interpretation of "disclosure statement," which is what the party must file with the Plaintiff's first "pleading." Fed. R. Civ. P. 7.1(a)(2) (the party "must file a disclosure statement. The statement . . . ."). Counsel's positions is that disclosure statements can include allegations in the first pleadings as that is how Courts in this District have seemingly interpreted it.

# Kasell Law Firm

Respectfully,

/s/ *David Kasell*
David Kasell
1038 Jackson Avenue #4
Long Island City, NY 11101
Phone 718.404.6668
*Counsel for Plaintiff Kevin Pollack*

# Exhibit A

Query   Reports   Utilities   Help   Log Out

RECAP Actions

ACO

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CIVIL DOCKET FOR CASE #: 1:23-cv-01911-ENV-MMH

Smith v. Degreed Inc.  
Assigned to: Judge Eric N. Vitaliano  
Referred to: Magistrate Judge Marcia M. Henry  
Cause: 28:1332 Diversity-Breach of Contract  

Date Filed: 03/13/2023  
Jury Demand: Plaintiff  
Nature of Suit: 190 Contract: Other  
Jurisdiction: Federal Question  

**Plaintiff**

**Sterling Smith**     represented by **Ezra Salami**  
Ezra Law, P.C.  
295 Front Street  
11201  
Brooklyn, NY 11201  
347-696-7555  
Fax: 347-696-7555  
Email: ezra@ezralaw.co  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Degreed Inc.**     represented by **Henninger Simons Bullock**  
Mayer Brown Rowe & Maw LLP  
1221 Avenue of the Americas  
New York, NY 10020  
(212)506-2500  
Fax: 212-506-2721  
Email: hbullock@mayerbrown.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/13/2023 | 1 | COMPLAINT against DEGREED INC. filing fee $ 402, receipt number ANYEDC-16493397, filed by Sterling Smith. (Attachments: # 1 Exhibit Ex. A, # 2 Exhibit Ex. B, # |

| | | |
|---|---|---|
| | | 3 Exhibit Ex. C, # 4 Exhibit Ex. D, # 5 Exhibit Ex. E, # 6 Exhibit Ex. F, # 7 Exhibit Ex. G, # 8 Exhibit Ex. H, # 9 Exhibit Ex. I, # 10 Exhibit Ex. J, # 11 Exhibit Ex. K, # 12 Exhibit Ex. L) (Salami, Ezra) (Entered: 03/13/2023) |
| 03/15/2023 | 2 | Civil Cover Sheet.. Re 1 Complaint, by Sterling Smith (Attachments: # 1 Proposed Summons) (Salami, Ezra) (Entered: 03/15/2023) |
| 03/17/2023 | | Case Assigned to Judge Eric N. Vitaliano and Magistrate Judge Marcia M. Henry. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (SR) (Entered: 03/17/2023) |
| 03/17/2023 | 3 | Summons Issued as to All Defendants. (SR) (Entered: 03/17/2023) |
| 03/17/2023 | 4 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences**. **Do NOT return or file the consent unless all parties have signed the consent.** (SR) (Entered: 03/17/2023) |
| 03/17/2023 | 5 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made, if any. (SR) (Entered: 03/17/2023) |
| 05/01/2023 | 6 | SUMMONS Returned Executed by Sterling Smith. Degreed Inc. served on 4/26/2023, answer due 5/17/2023. (Salami, Ezra) (Entered: 05/01/2023) |
| 05/09/2023 | 7 | WAIVER OF SERVICE Returned Executed by Sterling Smith. Degreed Inc. waiver sent on 5/8/2023, answer due 7/7/2023. (Salami, Ezra) (Entered: 05/09/2023) |
| 05/11/2023 | 8 | NOTICE of Appearance by Henninger Simons Bullock on behalf of Degreed Inc. (aty to be noticed) (Bullock, Henninger) (Entered: 05/11/2023) |
| 05/12/2023 | | ORDER re 6 , 7 : Defendant executed a waiver of service. (ECF No. 7.) However, because Defendant did not waive service before the summons were executed (*see* ECF No. 6), Defendant's deadline to answer is determined by the executed summons. *See* Fed. R. Civ. P. 4(d)(3) ("A defendant who, **before being served with process**, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent") (emphasis added). Accordingly, Defendant shall answer or otherwise respond to the Complaint by **05/17/2023**. (*See* ECF No. 6.) So Ordered by Magistrate Judge Marcia M. Henry on 05/12/2023. (MY) (Entered: 05/12/2023) |
| 05/14/2023 | 9 | Joint MOTION for Extension of Time to File Answer re 1 Complaint, by Degreed Inc.. (Bullock, Henninger) (Entered: 05/14/2023) |
| 05/15/2023 | | ORDER **granting** 9 : Defendant's deadline to answer or otherwise respond to the Complaint is extended to **07/07/2023**. So Ordered by Magistrate Judge Marcia M. Henry on 05/15/2023. (MY) (Entered: 05/15/2023) |

Query   Reports   Utilities   Help   Log Out

RECAP Actions

ACO

# U.S. District Court
# Eastern District of New York (Central Islip)
# CIVIL DOCKET FOR CASE #: 2:23-cv-00682-GRB-AYS

Coffey v. Switzoor et al  
Assigned to: Judge Gary R. Brown  
Referred to: Magistrate Judge Anne Y. Shields  
Demand: $1,556,000  
Cause: 28:1332 Diversity-Contract Default  

Date Filed: 01/31/2023  
Jury Demand: None  
Nature of Suit: 190 Contract: Other  
Jurisdiction: Diversity  

**Plaintiff**

**Timothy P. Coffey**     represented by    **Rourke Feinberg**  
The Dweck Law Firm, LLP  
New York  
1 Rockefeller Plaza  
Ste 1712  
New York, NY 10020  
212-687-8200  
Fax: 212-697-2521  
Email: rourkefeinberg@dwecklaw.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  

**Jack S. Dweck**  
The Dweck Law Firm LLP  
1 Rockefeller Plaza  
Ste. 1712  
New York, NY 10020  
(212) 687-8200  
Fax: (212) 697-2521  
Email: asa2fly@aol.com  
*ATTORNEY TO BE NOTICED*  

V.

**Defendant**

**Guru Switzoor**     represented by    **Avish Dhaniram**  
*also known as*                     Avish Dhaniram & Associates, P.C.

| | |
|---|---|
| Guru Prakash Raja | New York<br>120 West Albany Street<br>Herkimer, NY 13350<br>315-717-4260<br>Email: Avish.dhaniram@gmail.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | |
|---|---|
| **Shobana Janaharaja** | represented by **Avish Dhaniram**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | |
|---|---|
| **SRI Construction, LLC** | represented by **Avish Dhaniram**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 01/31/2023 | 1 | COMPLAINT *by Plaintiff* against All Defendants filing fee $ 402, receipt number ANYEDC-16359218 Was the Disclosure Statement on Civil Cover Sheet completed - YES,, filed by Timothy P. Coffey. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet, # 2 Proposed Summons Proposed Summons, # 3 Exhibit Exhibit 1 - August 24, 2020 NY Judgment, # 4 Exhibit Exhibit 2 - March 16, 2021 NY Judgment, # 5 Exhibit Exhibit 3 - November 30, 2021 Bankruptcy Order, # 6 Exhibit Exhibit 4 - April 25, 2022 Bankruptcy Order, # 7 Exhibit Exhibit 5 - April 20, 2022 Bankruptcy Sanctions Order, # 8 Exhibit Exhibit 6 - Proposed Stipulation of Settlement) (Feinberg, Rourke) Modified on 1/31/2023 (LJ). (Entered: 01/31/2023) |
| 01/31/2023 | 2 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made. (LJ) (Entered: 01/31/2023) |
| 01/31/2023 |   | Case Assigned to Judge Gary R. Brown and Magistrate Judge Anne Y. Shields. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (LJ) (Entered: 01/31/2023) |
| 01/31/2023 | 3 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences**. **Do NOT return or file the consent unless all parties have signed the consent.** (LJ) (Entered: 01/31/2023) |

| | | |
|---|---|---|
| 01/31/2023 | [4](#) | Summons Issued as to All Defendants. (LJ) (Entered: 01/31/2023) |
| 01/31/2023 | [5](#) | First MOTION for Order to Show Cause *by Plaintiff* by Timothy P. Coffey. (Attachments: # [1](#) Affidavit in Support Affidavit in Support of OSC, # [2](#) Exhibit Exhibit 1 -- August 24, 2020 Judgment, # [3](#) Exhibit Exhibit 2 -- March 16, 2021 Judgment, # [4](#) Exhibit Exhibit 3 -- November 30, 2021 Bankruptcy Order, # [5](#) Exhibit Exhibit 4 -- April 25, 2022 Bankruptcy Order, # [6](#) Exhibit Exhibit 5 -- April 20, 2022 Bankruptcy Sanctions Order, # [7](#) Exhibit Exhibit 6 -- Proposed Stipulation of Settlement, # [8](#) Exhibit Exhibit 7 -- Schedule of Personal Expenses, # [9](#) Exhibit Exhibit 8 -- SRI checks for Personal Expenses, # [10](#) Exhibit Exhibit 9 -- Dec. 2022 Switzoor Transcript Excerpt, # [11](#) Memorandum in Support Memorandum of Law in Support) (Feinberg, Rourke) (Entered: 01/31/2023) |
| 02/01/2023 | | ORDER: The Court is in receipt of plaintiff's motion for a Temporary Restraining Order. Plaintiff's counsel is directed to serve upon defendant by email AND any other reasonably available means a copy of this order along with the complaint and motion papers in support of plaintiff's order to show cause. Counsel for plaintiff is directed to file proof of service by close of business today, February 1st. Further, defendant is directed to respond to plaintiff's motion by close of business today. The parties are directed to appear for a hearing on plaintiff's motion TOMORROW FEBRUARY 2nd at 1:30 PM in Courtroom 940 in the Alfonse M. D'Amato Federal Courthouse. Ordered by Judge Gary R. Brown on 2/1/2023. (MR) (Entered: 02/01/2023) |
| 02/01/2023 | | Email Notification Test - DO NOT REPLY (LJ) (Entered: 02/01/2023) |
| 02/01/2023 | | Email Notification Test - DO NOT REPLY (EV) (Entered: 02/01/2023) |
| 02/01/2023 | [6](#) | AFFIDAVIT/AFFIRMATION re [5](#) First MOTION for Order to Show Cause *by Plaintiff* by Timothy P. Coffey (Feinberg, Rourke) (Entered: 02/01/2023) |
| 02/01/2023 | [7](#) | DECLARATION re [5](#) First MOTION for Order to Show Cause *by Plaintiff* by Timothy P. Coffey (Feinberg, Rourke) (Entered: 02/01/2023) |
| 02/02/2023 | [8](#) | AFFIDAVIT/AFFIRMATION *of Additional Service* by Timothy P. Coffey (Feinberg, Rourke) (Entered: 02/02/2023) |
| 02/02/2023 | [9](#) | RESPONSE in Opposition re [5](#) First MOTION for Order to Show Cause *by Plaintiff* filed by Guru Switzoor. (Attachments: # [1](#) Unsigned Opposition to TRO, # [2](#) Exhibit A, # [3](#) Exhibit B, # [4](#) Exhibit C, # [5](#) Exhibit D) (JC) (Entered: 02/02/2023) |
| 02/02/2023 | [10](#) | Minute Order for proceedings held before Judge Gary R. Brown: Pre Motion Conference held on 2/2/2023. Counsel for all sides present. Motion argued. Other: For the reasons set forth on the record, the motion [5](#) is denied. See attached for further details. (FTR Log #1:35-1:55.) (JC) (Entered: 02/06/2023) |
| 02/28/2023 | [11](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on February 2, 2023, before Judge Gary R. Brown. Transcriber Aria Services, Inc., Telephone number 845-260-1377. Email address: Aria@leinen.net. Transcript may be viewed at the court public terminal or purchased through the Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/21/2023. Redacted Transcript Deadline set for 3/31/2023. |

| | | |
|---|---|---|
| | | Release of Transcript Restriction set for 5/29/2023. (DC) (Entered: 02/28/2023) |
| 03/14/2023 | 12 | Request for Certificate of Default by Timothy P. Coffey (Attachments: # 1 Declaration Declaration of Rourke T. Feinberg with Exhibits 1, 2, and 3, # 2 Proposed Order Proposed Clerk's Entry of Default, # 3 Certificate of Service Certificate of Service of Request for Entry of Default) (Feinberg, Rourke) (Entered: 03/14/2023) |
| 03/14/2023 | 13 | Clerk's ENTRY OF DEFAULT: It appearing from the docket maintained in this action that defendants Shobana Janaharaja, SRI Construction, LLC, and Guru Switzoor have failed to appear or otherwise defend this action, the defaults of defendants Shobana Janaharaja, SRI Construction, LLC, and Guru Switzoor are hereby noted pursuant to Rule 55a of the Federal Rules of Civil Procedure. (JT) (Entered: 03/14/2023) |
| 03/15/2023 | 14 | First MOTION for Default Judgment by Timothy P. Coffey. (Attachments: # 1 Proposed Judgment Proposed Default Judgment, # 2 Declaration Declaration of Jack S. Dweck in support of Motion for Default Judgment, # 3 Exhibit Exhibit 1 - Complaint with supporting papers, # 4 Exhibit Exhibit 2 - Affidavits of Service, # 5 Exhibit Exhibit 3 - Additional Affidavit of Service on SRI Construction, LLC, # 6 Exhibit Exhibit 4 - Switzoor Transcript Excerpt, # 7 Exhibit Exhibit 5 - Clerk's Certificate of Default, # 8 Memorandum in Support Memorandum of Law in Support of Motion for Default Judgment, # 9 Certificate of Service Certificate of Service of Motion on Defendants) (Feinberg, Rourke) (Entered: 03/15/2023) |
| 03/16/2023 | | ORDER re 14 First MOTION for Default Judgment filed by Timothy P. Coffey<br><br>By MARCH 31, 2023, the party moving for default judgment must complete and submit a proposed default judgment in the form attached as Appendix A, containing evidentiary citations, with affidavits and other documentary evidence as per the Court's individual rules. See Rule IIg. **Failure to comply constitutes grounds for denying the default judgment motion.**<br><br>Ordered by Judge Gary R. Brown on 3/16/2023. (LJ) (Entered: 03/16/2023) |
| 03/21/2023 | 15 | ANSWER to 1 Complaint,, by All Defendants. (Dhaniram, Avish) (Entered: 03/21/2023) |
| 03/21/2023 | 16 | MOTION to Dismiss for Failure to State a Claim , MOTION to Stay by Shobana Janaharaja, SRI Construction, LLC, Guru Switzoor. (Dhaniram, Avish) (Entered: 03/21/2023) |
| 03/21/2023 | 17 | NOTICE by Timothy P. Coffey re 15 Answer to Complaint *Notice of Rejection of Answer* (Feinberg, Rourke) (Entered: 03/21/2023) |
| 03/21/2023 | 18 | Cross MOTION to Vacate 13 Clerk's Entry of Default, 14 First MOTION for Default Judgment by Shobana Janaharaja, SRI Construction, LLC, Guru Switzoor. (Attachments: # 1 Memorandum in Support Memorandum of Law in Support of Defendants Cross-Claim and Opposition to Plaintiffs First Motion for Default Judgment, # 2 Affidavit Affidavit of Guru Switzoor, in Opposition to Plaintiffs Motion for Default Judgment, # 3 Exhibit A - Oct. 12, 2022 Short Form Order, # 4 Exhibit B - Nov. 1, 2022 Short Form Order, # 5 Exhibit C - Notice of Reargument, # 6 Exhibit D - |

| | | |
|---|---|---|
| | | Notice of Appeal to Second Judicial Department) (Dhaniram, Avish) (Entered: 03/21/2023) |
| 03/21/2023 | 19 | REPLY in Opposition re 16 MOTION to Dismiss for Failure to State a Claim MOTION to Stay *Opposition to Defendants' Letter Request for a Pre-Motion Conference* filed by Timothy P. Coffey. (Feinberg, Rourke) (Entered: 03/21/2023) |
| 03/21/2023 | 20 | First MOTION for Extension of Time to File Response/Reply as to 18 Cross MOTION to Vacate 13 Clerk's Entry of Default, 14 First MOTION for Default Judgment *on Consent* by Timothy P. Coffey. (Feinberg, Rourke) (Entered: 03/21/2023) |
| 03/23/2023 | | ORDER granting 20 Motion for Extension of Time to File Response/Reply re 20 First MOTION for Extension of Time to File Response/Reply as to 18 Cross MOTION to Vacate 13 Clerk's Entry of Default, 14 First MOTION for Default Judgment *on Consent*. Application granted, on consent. Ordered by Judge Gary R. Brown on 3/23/2023. (LJ) (Entered: 03/23/2023) |
| 03/28/2023 | 21 | RESPONSE in Opposition re 18 Cross MOTION to Vacate 13 Clerk's Entry of Default, 14 First MOTION for Default Judgment filed by Timothy P. Coffey. (Attachments: # 1 Exhibit Exhibit 1 -- Portion of Transcript, # 2 Exhibit Exhibit 2 -- Motion for Receiver, # 3 Exhibit Exhibit 3 -- Petition for Turnover/Piercing Corporate Veil, # 4 Memorandum in Opposition Memorandum of Law in Opposition to Cross-Motion) (Feinberg, Rourke) (Entered: 03/28/2023) |
| 03/31/2023 | 22 | REPLY in Support re 14 First MOTION for Default Judgment filed by Timothy P. Coffey. (Attachments: # 1 Proposed Order Exhibit 1 -- Proposed Order for Default Judgment, # 2 Exhibit Exhibit 2 -- Motion for Receiver, # 3 Exhibit Exhibit 3 -- Petition for Turnover/Piercing Corporate Veil, # 4 Exhibit Exhibit 4 -- Receipts, # 5 Exhibit Exhibit 5 -- Transcript of Ford 150) (Feinberg, Rourke) (Entered: 03/31/2023) |
| 05/02/2023 | | ORDER REFERRING MOTION: 14 Motion for Default Judgment; 16 Motion to Dismiss for Failure to State a Claim / Motion to Stay; 18 Cross Motion to Vacate. Docket Entry Nos. 14, 16 and 18 are respectfully referred to the assigned Magistrate Judge. Ordered by Judge Gary R. Brown on 5/2/2023. (LJ) (Entered: 05/02/2023) |
| 05/03/2023 | | SCHEDULING ORDER: In light of the referral of Plaintiff's pending motion for default judgment and Defendants' cross-motion to vacate the notation of default, counsel are directed to provide this Court with courtesy copies of all motion papers - including opposition - associated with the respective motion on which they are the moving party on or before May 10, 2023. In accord with Rule 1(E) of this Court's Individual Rules, counsel are remined that all copies must be marked "courtesy copy" "original filed ECF" and that courtesy copies of exhibits and appendices must be clearly labeled and tabbed. Voluminous documents should be submitted in clearly tabbed binders and should not be "velobound." So Ordered by Magistrate Judge Anne Y. Shields on 5/3/2023. (DM) (Entered: 05/03/2023) |

|  PACER Service Center  |
|---|
|  Transaction Receipt  |

# Exhibit B

JS 44 (Rev. 4-29-21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kevin Pollack

**DEFENDANTS**
Jodie Gordon and Fusion Models BK LLC

**(b)** County of Residence of First Listed Plaintiff    Palm Beach, FL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Kings, NY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David Kasell, Kasell Law Firm 1038 Jackson Ave., #4 Long Island City, NY 11101 (718)  404-6668

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [x] 371 Truth in Lending | | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | |
| | | | | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
09/09/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration  ☑

I, _____, counsel for _____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

### NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?   ☐ Yes   ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?   ☐ Yes   ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?   ☑ Yes   ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?   ☐ Yes   ☐ No
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
☑ Yes   ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
☐ Yes   (If yes, please explain   ☑ No

I certify the accuracy of all information provided above.

Signature: _____

Last Modified: 11/27/2017