# Kasell Law Firm

July 30, 2024

*Via CM/ECF*

Hon. Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  **Re:**  **Motion for Judgment on the Pleading in** *Kevin Pollack v. Jodie Gordon and Fusion Models BK LLC***, No. 23 Civ. 02376 (E.D.N.Y.) (KAM) (SJB)**

Judge Matsumoto:

  As Plaintiff's counsel in the above-captioned action, and pursuant to Part III.B of the Court's Individual Rules, I write to request a pre-motion conference prior to moving for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure against Defendants' two asserted counterclaims.

## I.  STANDARD OF REVIEW

  Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings pursuant to Rule 12(c) and a motion to dismiss under Rule 12(b)(6) are subject to the same legal standards. *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001).

  In deciding a motion under either Rule, the Court must accept all factual allegations in the complaint [or counterclaim] as true, and draw[] all reasonable inferences in the [non-moving party's] favor." *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017) (quoting *Chase Grp. All. LLC v. City of New York Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010)). To survive a motion for judgment on the pleadings, a party must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

# Kasell Law Firm

"On a [Rule] 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011). Additionally, the court may consider "materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." *Id.* (citations and quotations omitted).

## II. THE COURT SHOULD GRANT PLAINTIFF'S MOTION UNDER RULE 12(C)

In answering the Complaint, Defendants filed a meritless counterclaim alleging that Plaintiff breached a fiduciary duty. CM/ECF No. 12. But, even accepting the allegations in the counterclaim as true, and reading them in the light most favorable to Defendants, this counterclaim is not plausible and thus should be dismissed.

Defendants allege the following in their counterclaim: Plaintiff's cause of action revolves around a limited liability company that was formed in 2006, known as Fusion Modeling Agency LLC. *Id.* ¶7. On or about December 7, 2006, Plaintiff Kevin Pollack, Defendant Jody Gordon, and other investors entered into an Operating Agreement (which is attached as Exhibit 1 to the Complaint and may be considered on this anticipated motion). *Id.* ¶9. The LLC was dissolved by Judicial Order on May 3, 2021. ¶10. Defendants allege that when the LLC was dissolved, Plaintiff owned approximately 35% of the Membership Units (the equivalent of shares if the company were a corporation, rather than an LLC). *Id.* ¶11.

The crux of Defendants' counterclaim is in paragraph 13: "Because Plaintiff was both a member and a stakeholder of the Company at the time of dissolution, Plaintiff owed a fiduciary duty of good faith and fair dealing," *id.* ¶13, which Plaintiff allegedly breached. But it is not true that Plaintiff owned any duties to Defendant Gordon (the majority owner) or Defendant Fusion Models BK LLC (a limited liability company that was formed after the dissolution). Thus, the counterclaim must be dismissed as a matter of law.

A minority stakeholder and member, such as Plaintiff Kevin Pollack who only owned 35%, does not owe a fiduciary duty to the majority member (*i.e.*, Defendant Gordon). Rather, the majority member – in this case, Defendant Gordon – owed Plaintiff a fiduciary duty. "Because the power to manage the affairs of a corporation is vested in the... majority shareholders, they are cast in the fiduciary role of 'guardians of the corporate welfare.'" *Leibert v. Clapp*, 13 N.Y.2d 313, 317 (1963). "In this position of trust, [the majority owner has] an obligation to all shareholders to adhere to fiduciary standards of

2

# Kasell Law Firm

conduct and to exercise their responsibilities in good faith when undertaking any corporate action . . . ." *Pepper v. Litton*, 308 U.S. 295, 306, 311 (1939).

Defendants also mixed up the fiduciary duty of good faith (that Defendant Gordon owed to Plaintiff, and not vice-a-versa) with the implied covenant of good faith and fair dealing" that underlies all contracts. *See Smith v. General Acc. Ins. Co.*, 91 N.Y.2d 648, 652-53 (1998). Simply put, there is no such thing in New York as a fiduciary duty of good faith ***and fair dealing*** – rather, this phrase mixes up a concept from tort law with contract law. (Under Section 9.10 of the Operating Agreement, the parties agreed to be governed by the laws of the State of New York.)

Finally, it bears emphasizing that the alleged breaches are all frivolous allegations. Defendants allege Plaintiff (an investor in a company) "would not co-sign loans for the Company through a bank," CM/ECF No. ¶17, co-sign on a lease for the Company, ¶15, or consent to having overdraft protection. ¶16. However, it is not plausible to allege that an investor in a ***limited liability*** company breaches any duty whatsoever when he elects not to take actions that would impose ***personal*** liability on him.

Defendants' other counterclaim is for attorneys' fees, but this counterclaim is derivative of the first counterclaim. If the Court dismisses the breach of fiduciary duty counterclaim, then the second counterclaim for attorneys' fees must be dismissed.

Thus, Plaintiff respectfully requests a pre-motion conference prior to filing the motion to dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff also proposes the following briefing schedule: (1) Plaintiff's Motion to Dismiss due on Monday, August 5, 2024; Defendants' Opposition due on Monday, August 26, 2024; Plaintiff's Reply due on Tuesday, September 3, 2024. As the Court may note, Plaintiff has given itself short deadlines (but still given Defendants three weeks in opposition) as Plaintiff seeks to have this resolved expeditiously.

Respectfully,

*/s/ David Kasell*
1038 Jackson Avenue, Suite #4
Long Island City, NY 11101
*Attorney for Plaintiff Kevin Pollack*