# Kasell Law Firm

August 13, 2024

Magistrate Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 13C South
Brooklyn, New York 11201

   Re: Motion to Compel Discovery in *Kevin Pollack v. Jodie Gordon and Fusion Models BK LLC*, No. 23 Civ. 02376 (E.D.N.Y.) (KAM) (SJB)

Judge Bulsara:

  Pursuant to Part IV.B of this Court's Individual Rules, and Rule 37(a)(1) of the Federal Rules of Civil Procedure ("Federal Rules"), Plaintiff moves to compel Defendants to provide automatic disclosures that comply with Federal Rule 26(a), responses to the document demands that comply with Federal Rule 34 and responses to interrogatories that comply with Federal Rule 33. Prior to this motion, I made good faith effort, as required by Federal Rule 37(a)(1), to resolve the dispute, including two telephone discussions.

## I. Procedural Background

  Eighteen years ago, Plaintiff Kevin Pollack, Defendant Jodie Gordon, and other investors entered into an Operating Agreement for Fusion Modeling Agency LLC ("Fusion"), a limited liability company formed under the laws of New York. *See* ECF No. 1-1 (Exhibit 1 to Complaint). Four years ago, on July 28, 2020, the undersigned counsel wrote a demand letter to Jodie Gordon on behalf of Kevin Pollack, seeking to inspect Fusion's books and records to which Plaintiff was entitled under the Operating Agreement. Afterward, Defendant Gordon retained legal representation, and my primary communication was with Maria Patelis, Esq., then-employed by the Strazzullo Law Firm.

  On April 11, 2022, Kevin Pollack, *via* the undersigned counsel, initiated an arbitration with the American Arbitration Association ("AAA") under Arb. No. 01-22-0001-5367. On April 28, 2022, the AAA held an initial conference call. I appeared on behalf of Kevin Pollack, and Attorney Patelis appeared on behalf of Jodie Gordon. During that conference, Attorney Patelis revealed for the first time that Jodie Gordon had filed a petition for dissolution in New York state court over 15 months earlier, without providing any notice whatsoever to Kevin Pollack. The petition was granted on May 3, 2021.

# Kasell Law Firm

The arbitration continued, but on December 20, 2022, in the middle of discovery, the AAA Panel suspended the matter due to Jodie Gordon's non-payment of the arbitration fees. Over the next several months, AAA repeatedly warned Attorney Patelis about the consequences of non-payment, but Attorney Patelis never responded. On March 11, 2023, the AAA issued a Termination Order, signed by the arbitrators.

On March 28, 2023, Kevin Pollack filed a complaint initiating the action. ECF No. 1. On May 4, 2023, Attorney Strazzullo appeared on behalf of Jodie Gordon and Fusion Models BK LLC ("Fusion BK"). ECF No. 7. The initial conference was repeatedly adjourned as Attorney Strazzullo failed to participate.

On October 4, 2023, Attorney Patelis appeared on behalf of the Defendants. ECF No. 19. On November 3, 2023, Attorney Patelis requested "the scheduling order to be extended," even though one had not been entered. ECF No. 21. On December 21, 2023, the Court adjourned the initial conference set for that day after Attorney Patelis stated she could not attend "due to emergency reasons" in a letter filed the same day as the conference. ECF No. 24. On January 29, 2024, the Court held the initial conference and entered the scheduling order, setting an eight-month deadline for discovery.

### II. Defendants Discovery Delays and The Parties' Meet-and-Confers

Plaintiff served document demands on April 9, 2024, and interrogatories on April 26, 2024. *See* Exhibit 1 & 2. The Federal Rules impose a 30-day deadline for responses. On the day the responses to the interrogatories were due, May 10, 2024, Attorney Patelis emailed, stating, "I will be providing you with Responses within the next three weeks to the Plaintiff's First Set of Document Demands and Interrogatories." Attorney Patelis made this statement unilaterally, not as a request.

Attorney Patelis then failed to produce anything by May 31, 2024. On June 24, I wrote to Attorney Patelis: "Defendants' responses to Plaintiff's discovery demands are significantly past due. Please provide an update, as well as a time that we might meet and confer this week on the phone, as required by Federal Rule 37(a)(1), to resolve disputes prior to Plaintiff filing a motion to compel."

Counsel conferred by telephone on June 28, 2024. During that meeting, Attorney Patelis stated she would respond to the document demands and interrogatories before leaving for vacation. Defendants eventually responded to the discovery demands on July 10, 2024—92 days after being served the interrogatories and 75 days after being served the document demands. *See* Exhibits 3 & 4.

# Kasell Law Firm

After reviewing the deficient responses, I requested a second meet-and-confer, which occurred on July 26, 2024. The following day, I emailed Attorney Patelis detailing the deficiencies discussed during the call. On Sunday, July 28, 2024, Attorney Patelis responded: "I will provide you with updated responses in two weeks."

On July 29, 2024, the Court held an in-person status conference. The Court granted the Defendants' oral motion for a discovery extension of approximately two months. The deadline for discovery is now November 29, 2024.

### III. Plaintiff's Motion to Compel

### Automatic Disclosures

Defendants have not provided any disclosures as automatically required pursuant to Rule 26(a). The undersigned counsel has made the request of Attorney Patelis by telephone in the meet-and-confers and by email. Plaintiff seeks an Order compelling: (1) the name and, if known, the address and telephone number of individuals likely to have discoverable information—along with the subjects of that information—that Defendants may use to support their defenses or counterclaims, *see* Fed. R. Civ. P. 26(a)(1)(A)(i); and (2) a description, or copies, of all documents, electronically stored information, and tangible things that Defendants have in their possession, custody, or control and may use to support their defenses or counterclaims, *see* Fed. R. Civ. P. 26(a)(1)(A)(ii).

### Responses to Document Demands

On July 10, 2024, I received four emails, purportedly in response to the Plaintiff's document demands. One email was from Attorney Patelis, and the other three were from "Anna Cardosi." The responses are clearly deficient.

*First*, the responses begin with a lengthy recitation of general objections, which the Federal Rules do not permit. *See* Fed. R. Civ. P. 34(b)(2)(B); *see also Finkelstein v. Bical*, No. 23 Civ. 0049, 2023 WL 9119575, at *1 (E.D.N.Y. Dec. 14, 2023) (Bulsara, *J.*).

*Second*, each response has vacuous boilerplate objections. "The timeworn phrases of 'overbroad,' 'undue burden,' 'vague,' and 'ambiguous' are not a safe harbor for one seeking to avoid production. Rather, those objections—if genuine—must be supported by a degree of specificity as to *why* they might be overbroad, an undue burden, vague, or ambiguous." *Eiklor v. Lowe's Home Ctrs.*, LLC, No. 21 Civ. 5082, 2022 WL 16834574, at *1 (E.D.N.Y. Nov. 9, 2022) (emphasis in original).

# Kasell Law Firm

*Third*, the Defendant repeatedly objects on the grounds that responsive documents are in the possession or control of the Plaintiff. However, "that fact does not obviate the need for Defendant to produce the responsive documents in his possession." *Finkelstein*, 2023 WL 9119575, at *1. Moreover, this claim is not true—responsive documents are not in the Plaintiff's possession or control.

*Fourth*, the Defendants have not stated whether any responsive materials are being withheld and stated with specificity the reason for withholding them. *See* Fed. R. Civ. P. 34(b)(2)(C). Additionally, Defendants assert privilege but not produced a privilege log.

*Fifth*, Attorney Patelis has not given the Plaintiff access to the documents supposedly produced. Instead, in three separate emails from "Anna Cardosi," the Plaintiff received a mix of attachments and links to Google Drive that are protected by passwords, which the Plaintiff cannot access. It is also impossible to determine whether the attachments represent a complete production of a particular exhibit, partly because there are no Bates Stamps or other sequential numbers on the documents.

During the meet-and-confer, I offered to coordinate with Attorney Patelis's staff, but Attorney Patelis stated that the person she used for the production no longer worked with her. I also suggested using GoldFynch (https://goldfynch.com) to produce a single, complete production with Bates Stamps or numbers, or providing a single USB flash drive with all the documents. Attorney Patelis has thus far declined to do so.

As a result, Defendants have not produced the documents in a "reasonably usable form" as required by Federal Rule 34(a)(1)(A) and Federal Rule 34(b)(2)(E)(ii). Plaintiffs move for Plaintiff to produce a single production of documents with sequential numbers.

### Responses to Interrogatories

Plaintiff served interrogatories on Defendants on April 26, 2024, and received responses on July 10, 2024. These responses are deficient because they are unsigned, which violates Federal Rule 33(b)(3) & (5). Additionally, the responses contain improper global, generalized objections, and each response uses impermissible boilerplate language.

The responses also fail to provide sufficient detail to enable Plaintiff to locate and identify the documents referenced in the responses, as required by Federal Rule 33(d). Specifically, the responses to Interrogatories 6, 8, 9, 10, 12, and 13 are deficient.

# Kasell Law Firm

Moreover, Defendants have provided evasive or incomplete responses to Interrogatories 2, 3, 4, 7, 11, 14, 15, 16, 17, 18, 19, 20, 22, 23, and 24. In other words, the only responses that are not deficient are those to Interrogatories 1, 5, and 21—and even these barely meet the minimum standard of sufficiency.

For example, consider the response to Interrogatory 3, which asks, "State with specificity all assets transferred from Fusion to Fusion BK . . . ." Defendants responded by stating, "There were no assets of Fusion as set forth in the Petition for Judicial Dissolution that was filed . . . ." Ex. 3 at 4. This response is evasive because Fusion clearly had assets, even if Defendant Gordon did not list them. This information is crucial for determining damages, as Defendant Gordon had to "take full account of the Company's liabilities and assets, and the Company's assets [were to] be liquidated as promptly as is consistent with obtaining the fair value thereof." Compl. ¶ 24 (quoting Operating Agreement).  Answers to the other interrogatories are also evasive or incomplete on their face.

Under the Federal Rules, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Thus, Plaintiff moves to compel Defendants to supplement their responses to the disputed interrogatories (all except 1, 5, and 21) and to be "cautioned that if they fail to adequately respond to the disputed interrogatories, they will be precluded from offering evidence relating to the allegations addressed in such interrogatory." *Feldman v. Comp Trading LLC*, No. 19 Civ. 4452, Dkt. #49 at 2 (E.D.N.Y. June 16, 2020) (citations omitted).[1]

### IV. Conclusion

Plaintiff respectfully moves for the Court to compel Defendants to provide automatic disclosures that comply with Federal Rule 26(a), responses to the document demands a reasonably usable form that comply with Federal Rule 34 and responses to interrogatories (all but 1, 5, and 21) that comply with Federal Rule 33 and otherwise warn Defendants that failure to do so may result in sanctions including the Court precluding Defendants from offering evidence relating to the disclosure, discovery demands or allegations in the Complaint.

---

[1] Available at https://scholar.google.com/scholar_case?case=13765399289130236861

# Kasell Law Firm

Respectfully,

*/s/ David Kasell*
*Attorney for Plaintiff Kevin Pollack*

**<u>Attachments</u>**

Exhibit 1: Plaintiff's Document Demands

Exhibit 2: Plaintiff's Interrogatories

Exhibit 3: Defendants' Response to Document Demands

Exhibit 4: Defendants' Response to Interrogatories

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KEVIN POLLACK,

                         Plaintiff,

        23 Civ. 2376 (KAM) (SJB)

     -against-

JODIE LOUISE GORDON (also known as
JODY GORDON) and FUSION MODELS
BK LLC,

                        Defendants.
------------------------------------------------------------------------X

## **CERTIFICATION**

       Pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure and Part V.B. of the Individual Practices of Magistrate Judge Sanket J. Bulsara, I hereby certify in good faith that I have conferred with counsel for the Defendants after they failed to provide the required automatic disclosures and responses to the document demands and interrogatories, in an effort to obtain the necessary disclosures and responses without court intervention.

       Plaintiff served document demands on April 9, 2024, and interrogatories on April 26, 2024. After a meet-and-confer, Defendants responded to the discovery demands on July 10, 2024—92 days after being served with the interrogatories and 75 days after being served with the document demands. I requested a second meet-and-confer concerning the deficient responses, which occurred with the Attorney for Defendants on July 26, 2024. Attorney for Defendants set a deadline of two weeks to respond but failed to supplement the responses or provide any disclosures as required under Fed. R. Civ. P, 26(a). Prior to filing, I informed the Attorney for Defendants that Plaintiff would file a motion to compel if Defendants continued to miss deadlines and failed to provide any update. Counsel also communicated about the motion to compel before it was filed.

1

DATED:   Long Island City, New York
             August 13, 2024

                                              /s/ *David Kasell*
                                              David M. Kasell
                                              Kasell Law Firm
                                              *Attorney for Plaintiff Kevin Pollack*