Exhibit 3

(Defendants' Response to Document Demands)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
KEVIN POLLACK,

        Plaintiff,

Case No.: 23-cv-04582 (KAM) (SJB)

**<u>DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT DEMANDS</u>**

-against-

JODIE LOUISE GORDON (also known as JODY GORDON) and FUSION MODELS BK LLC.

        Defendants.
_____X

TO:   Plaintiff Kevin Pollack, by and through his counsel of record, David Kasell, Esq., Kasell Law Firm, 1038 Jackson Avenue, #4, Long Island City, NY 11101.

Pursuant to Rules 26 and 44 of the Federal Rules of Civil Procedure, Jodie Louise Gordon (also known as Jody Gordon) and Fusion Modeling Models, BK LLC (Defendants'), by and through its counsel of record, hereby serves its Objections and Responses to Plaintiff's First Set of Document Demands.

<u>GENERAL OBJECTIONS</u>

1. Defendants object to the Requests to the extent that they purport to impose requirements beyond the scope of the Federal Rules of Civil Procedure of the Local Civil Rules of this Court.

2. Defendants object to the Requests to the extent that they seek documents or information protected from discovery by the attorney client privilege, the work product privilege, or any other applicable privilege or protection. Such information and

documents shall not be deemed a waiver of any applicable privilege, protection or immunity, and Defendant reserves the right to request the return of any such documents inadvertently produced.

3. Defendants object to the Requests to the extent that they seek documents or information not relevant to the claims or defenses of any party or not reasonably calculate to lead to the discovery of admissible evidence.

4. Defendants object to Plaintiff's request because and to the extent that the terms or phrases contained therein are vague, ambiguous or undefined.

5. Defendants object to Plaintiff's request because and to the extent that it fails to identify the documents that are sought with reasonable particularity.

6. Defendants object the Requests to the extent that they are overly broad, unduly burdensome, harassing, duplicative or unnecessary.

7. Defendants object to the Request to the extent that they seek documents or information that is outside of the Defendants' possession, custody or control, or that is in the possession, custody or control of Plaintiff, or that is equally available to Plaintiff, including from publicly available sources.

8. Defendants object to the Requests to the extent that they assume disputed facts or legal conclusions in defining the information sought. Defendants hereby deny any such disputed facts or legal conclusions. Any documents or information provided by Defendants with respect to any such request is without prejudice to this objection, and Defendants do not, by responding to any Request, adopt or agree with such disputed facts or legal conclusions.

9. Defendants object to the Requests to the extent they purport to require a search of all electronic media on Defendants' custody, possession or control, including computer back-up tapes or other inaccessible electronic data, on the ground that such a search could be overly broad, unduly burdensome or oppressive.

10. Defendants object to the Requests to the extent they purport to require a search of all electronic media in Defendant's custody, possession or control, including computer back-up tapes or other inaccessible electronic data, on the ground that such a search would be overly broad, unduly burdensome and oppressive.

11. Defendants object to the Requests to the extent that they seek documents or information that contains confidential, proprietary or commercially sensitive information or trade secrets. Defendants' documents or information that contains confidential, proprietary or commercially sensitive information or trade secrets. Defendants' documents contain highly confidential, sensitive, proprietary and non public information, including financial, trade secret and other business information. After a confidentiality and/or protective order is entered into by the Court in this case, Defendant will produce such documents pursuant thereto.

12. Defendant objects to the Requests to the extent that they purport to require the production of documents outside of the relevant time period.

13. Each of Defendants' specific responses and objections to the Requests set forth below incorporates, and is without waiver of, each of the foregoing General Objections. Defendants' responses and objections are based on information known to it at this time and are without waiver of its right to supplement these responses and/or assert additional objections should it discover additional information or grounds for objection.

14. These responses and objections are made without, in any way, waiving; (i) any objections to the competency, relevancy, materiality, privilege or admissibility as evidence for any purpose, of any documents or information produced in response to the Requests; and (ii) the right to object on any ground to the use of any documents or information.

15. These general Objections are continuing and are incorporated by reference in each and every response set forth below.

16. By providing the information below, Defendants do not in any way waive or intend to waive but rather intends to preserve and is preserving (a) all objections to competency, relevance, materially and admissibility of the responses or the subject matter thereof; (b) all objections as to vagueness, ambiguity or undue burden; (c) all rights to object on any grounds to the user of any said responses or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other actions; and (d) all rights to object on any ground to any request for further responses to these or any other discovery requests involving or relating to the subject matter of this document request.

17. Defendants are opting to produce copies instead of permitting an inspection.

## DOCUMENTS REQUESTED

1. Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Plaintiff's possession and/or control. Defendants further object to this request because and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence, that the terms of phrases contained therein are vague, ambiguous, or undefined, and to the extent that it fails to identify the information that is

sought with reasonable particularity. Subject to the foregoing objections, Defendants provide the following responsive documents annexed hereto as **Exhibit "A."**

2. Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Plaintiff's possession and control. Defendants further object to this request because and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence, that the terms of phrases contained therein are vague, ambiguous, or undefined, and to the extent that it fails to identify the information that is sought with reasonable particularity. Subject to the foregoing objections, Defendants provide the following responsive documents annexed hereto as **Exhibit "B."**

3. Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Plaintiff's possession and control. Defendants further object to this request because and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence, that the terms of phrases contained therein are vague, ambiguous, or undefined, and to the extent that it fails to identify the information that is sought with reasonable particularity. Subject to the foregoing objections, Defendants provide the following responsive documents annexed hereto as **Exhibit "C."**

4. Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Plaintiff's possession and control. Defendants further object to this request because and to the extent that it

seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence, that the terms of phrases contained therein are vague, ambiguous, or undefined, and to the extent that it fails to identify the information that is sought with reasonable particularity.

5. Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Plaintiff's possession and control. Defendants further object to this request because and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence, that the terms of phrases contained therein are vague, ambiguous, or undefined, and to the extent that it fails to identify the information that is sought with reasonable particularity. Subject to the foregoing objections, Defendants provide the following responsive demands annexed hereto as **Exhibit "D."**

6. Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Defendant's possession and/or control. Subject to the foregoing objections, Defendants provide the following responsive demands annexed hereto as **Exhibit "E"**

7. Objection. Defendants object to this request on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Plaintiff's possession and/or control. Subject to the foregoing objection, Defendants are not in possession of any applications and information provided in connection with the Paycheck Protection Program ("PPP") and Economic Injury Disaster Loan (EIDL) and/or grants funds and the SBA.

8. Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Defendant's possession and/or control. Subject to the foregoing objections, Defendants are not in any possession of any documents responsive to this request.

9. Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Defendant's possession and/or control. Defendants further object to this request because and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence, that the terms of phrases contained therein are vague, ambiguous, or undefined, and to the extent that it fails to identify the information that is sought with reasonable particularity. Subject to the foregoing objections, Defendants provide the following responsive demands annexed hereto as **Exhibit "F."**

10. Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Defendant's possession and/or control. Defendants further object to this request because and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence, that the terms of phrases contained therein are vague, ambiguous, or undefined, and to the extent that it fails to identify the information that is sought with reasonable particularity Defendants currently do not have documents responsive to said request.

11. Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Defendant's possession

and/or control. Defendants further object to this request because and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence, that the terms of phrases contained therein are vague, ambiguous, or undefined, and to the extent that it fails to identify the information that is sought with reasonable particularity. Subject to the foregoing objections, Defendants provide the following responsive demands annexed hereto as **Exhibit "G."**

12. Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Defendant's possession and/or control. Defendants further object to this request because and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence, that the terms of phrases contained therein are vague, ambiguous, or undefined, and to the extent that it fails to identify the information that is sought with reasonable particularity. Subject to the foregoing objections, Defendants provide the following responsive demands annexed hereto as **Exhibit "C."**

13. Objection. Defendants object to this demand to the extent that it requests the production of attorney/work product or privileged documents prepared in anticipation of litigation and/or which are otherwise protected by the attorney/client privilege. This demand is further objected to on the grounds that it is overbroad because it does not specify which documents/information Plaintiff seeks that is not already in their possession. Subject to the foregoing objections, Defendants provide the following responsive demands annexed hereto as **Exhibit "H."**

**14.** Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Defendant's possession and/or control. Objection. Defendants object to this demand to the extent that it requests the production of attorney/work product or privileged documents prepared in anticipation of litigation and/or which are otherwise protected by the attorney/client privilege. This demand is further objected to on the grounds that it is overbroad because it does not specify which documents/information Plaintiff seeks that is not already in their possession.

Defendants reserve the right to amend, supplement and/or change its responses herein up to and including the time of trial.

Dated: Brooklyn, New York
July 9, 2024

Yours Truly,

_____
Maria Patelis, Esq.
Maria Patelis & Associates, PLLC.
Attorneys for Defendant(s)
7024 18th Avenue
Brooklyn, New York 11204
917-653-7214
m.patelis@aol.com

To: David Kasell, Esq.
Kasell Law Firm
Attorney(s) for Plaintiff(s)
1038 Jackson Avenue, #4
Long Island City, NY 11101
718-404-6668
david@kaselllawfirm.com

## Pollack v. Gordon

### Anna Cardosi <mpatelis.mp@gmail.com>
Wed 7/10/2024 12:25 PM

To:Mé <m.patelis@aol.com>;David Kasell <david@kaselllawfirm.com>;daniel.afanasyev@gmail.com <daniel.afanasyev@gmail.com>

 8 attachments (10 MB)
GORDON EXHIBIT B ONE COUNTERPART.pdf; Fusion - 2015 Tax Return (3).pdf; Fusion 2016 Tax - Password is 9314wsb.pdf; Fusion LLC - 2017 Tax Return.pdf; Fusion - 2018 Tax Returns (3).pdf; Fusion - 2019 Fed and NYS Tax Returns (4).pdf; Fusion - 2020 Fed & NY Tax Returns.pdf; Fusion - 2021 Fed & NYS Tax Return (1).pdf;

Hello,

Attached please find the following Exhibits:

Exhibit A
Exhibit B – (will be sent in counterparts)

 GORDON EXHIBIT A.pdf

## Pollack v. Gordon

Anna Cardosi <mpatelis.mp@gmail.com>
Wed 7/10/2024 12:40 PM
To:David Kasell <david@kaselllawfirm.com>;daniel.afanasyev@gmail.com <daniel.afanasyev@gmail.com>;Mé <m.patelis@aol.com>

▌ 4 attachments (25 MB)
GORDON EXHIBIT C COUNTERPARTS STATEMENTS.pdf; gordon chase 0736 2018.pdf; gordon chase 0736 2019.pdf; gordon chase 0736 2020.pdf;

Please see attached Exhibit C (sent in counterparts)



# Pollack v. Gordon

### Anna Cardosi <mpatelis.mp@gmail.com>
Wed 7/10/2024 12:55 PM

To:David Kasell <david@kaselllawfirm.com>;daniel.afanasyev@gmail.com <daniel.afanasyev@gmail.com>;Mé <m.patelis@aol.com>

🖿 1 attachments (23 MB)
GORDON EXHIBIT D.pdf;

Hi,

Attached please findL
Exhibit D
Exhibit E
Exhibit F
Exhibit H

* PLEASE NOTE THAT THERE IS NO EXHIBIT G*

Kindly confirm receipt of my emails to you.  As you know I will be away, but responding to emails.



GORDON REVISED EXHIBIT E.pdf



GORDON EXHIBIT E.pdf

GORDON EXHIBIT F.pdf

GORDON EXHIBIT H.pdf



# You need access

Request access, or switch to an account with access.
Learn more

Message (optional)

Request access

You're signed in as

 brianlehman97@gmail.com