

## Maria Patelis, Esq.

August 14, 2024

Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Cross Motion in Opposition to Plaintiff's Motion for Judgment on the Pleading and requesting if said Motion is granted and opportunity to file an Amended Answer to the Complaint and Defendants' Motion for Judgment on the pleading.
     <u>Pollack v. Gordon, et al.</u>
     Docket No.: 23-cv-2376 KAM-SJB

Dear Honorable Kiyo A. Matsumoto:

  Please be advised that we represent the Defendants' Jody Louise Gordon (also known as Jody Gordon) and Fusion Models BK LLC hereinafter "Defendants.") in the above-captioned matter. On July 30, 2024, Plaintiff filed a letter requesting a pre-motion conference prior to moving for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure against Defendants two asserted counterclaims. Defendants' are opposing the relief requested and are requesting a pre-motion conference prior to moving for the judgment on the pleadings pursuant to Rule12(c) of the Federal Rules of Civil procedure against the Plaintiffs moving for judgment on the pleadings of Plaintiff's Complaint alleging the following seven (7) claims; a) breach of contract b) tortious interference with contract; c) breach of fiduciary duty; d) inducement of breach of fiduciary duty; e) violation of New York LLC Law §1103(B) and operating agreement; f) demand for equitable accounting and g) an award of attorneys' fees. and for leave to file Amended Answer with counterclaim.

  The law is very clear that a motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in plaintiffs' favor Fed. R. Civ. P. 12(b)(6), 12(c). In determining a motion for judgment on the pleadings under Federal Rule of Civil Procedure, 12(c),

"the court may consider any of the pleadings, including the complaint, the answer, and any written instruments attached to them." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Circ. 2002).

A party is entitled to judgment on the pleadings only if it has established that no material issue of fact remains to be resolved and that [it] is entitled to judgment as a matter of law." Gioconda L. Grp. PLLC v. Kenzie, 941 F. Supp. 2d 424, (S.D.N.Y. 2013). Plaintiff fails to state that there is no material issue of fact. Plaintiff in their Complaint clearly states that the parties entered into an Operating Agreement dated December 7, 2006. The Plaintiff in support of their claims do stated under ¶ 49 of the Complaint that Section 5.1.4 of the Operating Agreement provides that the Managing Members of Fusion have the right to "[u]pon ***unanimous approval*** of the Members borrow funds and issue evidences of indebtedness on behalf of the Company on either a recourse or nonrecourse basis and to pledge and hypothecate assets of the Company for such loans; and to prepay in whole or in part, refinance, revise, increase, modify, or extend any liabilities affecting the Company assets in connection therewith execute any extensions or renewals thereof….(emphasis added)." This allegation was stated and used in support of all seven claims contained in the Complaint. Plaintiff's Complaint includes the Operating Agreement and an alleged email alluding to be an Amended Agreement as Exhibits collectively under CM/ECF No.1.

In support of Plaintiff's instant motion for judgment on the pleadings in contravention of the Complaint dated August 28, 2023. Plaintiff now alleges that he is only a "minority stakeholder and member" and not a "managing member" and does not owe a fiduciary duty to the Defendant majority member. The claims against the defendants are on the basis that the Plaintiff is a managing member. Further, the delay in bringing such a motion almost one year later is prejudicial delay to the Defendant. Plaintiff in his Complaint clearly refers to himself as a managing member pursuant to the Operating agreement and states that Defendant Jody Gordon needed his approval with respect to Fusion in borrowing member. Thus, Plaintiff cannot now state that he was a "minority stakeholder and member".

There absolutely no basis in law and fact for the relief requested by the Plaintiff and the cases cited are not on point and irrelevant. The Plaintiff even fails to state the legal basis as to why the Defendants' counterclaims should be dismissed and only changes the facts.

The Defendant is asking in their instant Cross Motion for a Judgment on the Pleadings is seeking to have the Complaint dismissed in its entirety on the grounds that Plaintiff's claims are frivolous. Defendants' Cross Motion further requests for leave to amend the filed Answer with Counterclaims. The Plaintiff's claims are "inextricably intertwined" with claims raised and dismissed in a previous lawsuit, and Defendants request that they are barred on the doctrines of re judicata and collateral estoppel. The Plaintiff has clearly failed to state a claim upon which relief can be granted because there is an Order of Dissolution dated April 30, 2021 of

Fusion Modeling Agency, LLC. Defendant herein initiated an action in Kings County Supreme Court entitled <u>Jodie Godon v. Fusion Modeling Agency, LLC</u> under Index No.: 500709/2021.

Honorable Reginald A. Boddie issued a detailed Decision and Order on April 30, 2021 that granted Defendant's Jodie Gordon petition for dissolution pursuant to Limited Liability Law § 702. That undermines the Plaintiff's current position that he is just a minority member that in support of the judicial dissolution Gordon's relation with the Plaintiff herein, has become irreconcilable based on Mr. Pollack's refusal to consent to overdraft protection, which the bank would not issue without Mr. Pollack's consent, or co-sign on a loan pursuant to the Operating Agreement. The decision also refers to section 5.1.4 of the operating agreement that unanimous approval of the members is required to obtain a loan on behalf of FMA and Mr. Pollack refuses to co-sign. The Court should note that the Complaint alleges the same facts. Fusion Modeling Agency LLC has "suffered financially during the pandemic, it's PPP loan has been exhausted, and continued operation without a loan is financially unfeasible and will drain all of FMA's financial resources." The Court in further support of the finding stated the Jodie Gordon did establish, that (1) the management of the entity is unable or unwilling to reasonably permit or promote the stated purpose of the entity to be realized or achieved, or (2) continuing the entity is financially unfeasible." The Order is annexed hereto.

Plaintiff's claims must be dismissed for failure to state a cause of action, res judicata and collateral estoppel. Plaintiff now stating he was only a minority member and is entitled to a judgment on the pleadings that the Defendant's counterclaims must be dismissed. Plaintiff herein never moved to vacate the Order of Dissolution or even appeal the decision made in Kings County Supreme Court. Plaintiff has brought this action previously under the American Arbitration Association and now United States District Court. Res Judicata and collateral estoppel are related but distinct doctrines that, under certain circumstances, preclude a party from litigating certain claims or issues that were or could have been raised in a prior action. <u>Flaherty v. Lang</u>, 199 F3d 607, 612 (2d Circ. 1999). Under the doctrine of res judicata, or claim provision, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. <u>Burgos v. Hopkins</u>, 14 F.3d 787 (2d Circ. 1994).

Defendants are respectfully requesting a pre-motion conference on the motion to dismiss the Complaint and to deny Plaintiff's request for judgment on the pleadings and will defer to the Court for scheduling.

Respectfully submitted:

Marya Patelis, Esq

cc: David Kasell, Esq.