# Kasell Law Firm

September 12, 2024

Magistrate Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 13C South
Brooklyn, New York 11201

      **Re:**    Mediation Conference in *Kevin Pollack v. Jodie Gordon and Fusion Models BK LLC*, No. 23 Civ. 02376 (E.D.N.Y.) (KAM) (SJB)

Judge Bulsara:

    I am writing the Court pursuant to the Order entered by the District Court on September 4, 2024, which states:

> The Court held a pre-motion conference regarding Plaintiff's anticipated motion for judgment on the pleadings and Defendants' anticipated motion to dismiss. The Court instructed the parties to contact Judge Bulsara to request a mediation. . . .

(Entered: 09/04/2024).

    Yesterday, Defense Counsel stated that she could only attend a mediation on one of three days: October 8 (Tuesday), October 15 (Tuesday), or October 22 (Tuesday).

    October 8, however, is the date the parties negotiated for the deposition of Defendant Jodie Gordon after a meet-and-confer. Specifically, on July 31, 2024, Plaintiff properly served Defendant Jodie Gordon with a notice of deposition for August 23, 2024, at 10 a.m. Defendant's counsel stated she would not appear on that date, so the parties scheduled a meet-and-confer for August 9 at 6:30 p.m. I called her at 6:53 p.m., but Defendant's counsel declined to talk, stating she was working on an opposition brief (which, of course, does not explain why she scheduled the meet-and-confer for that time). The parties rescheduled the meet-and-confer for Tuesday, August 13, 2024, and during that meeting, Defendant's counsel stated that her client was unavailable for at least six weeks. Plaintiff, albeit hesitantly, agreed to the deposition on October 8, 2024.

    Plaintiff's counsel is therefore unavailable on October 8, 2024, and submits that Plaintiff would be prejudiced if the Court were to select that day for the mediation. Counsel,

# Kasell Law Firm

on behalf of his client, also wishes to state its anticipated opposition to any extensions of discovery or delays in filing summary judgment motions in this case. This action began on March 28, 2023, and, as detailed in the filings, has been repeatedly delayed. *See* CM/ECF No. 34. Indeed, to give but one example, after Plaintiff's motion to compel document production, *see id.*, Defendants' counsel stated that she would produce the documents (including identifying documents being withheld) by September 6, 2024, and then failed to identify which documents are being withheld. That is just one of several examples provided so that the Court understands why Plaintiff will presumptively oppose any motions for an extension unless good cause is offered by Defendants.

Otherwise, Plaintiff agrees to mediation on October 15 or October 22. Plaintiff is generally available. Given the limited resources and the number of cases being presided over by the Court, Plaintiff does not object to the Court simply selecting a time for the parties to mediate with it. The Court's preferences should come first.

Plaintiff anticipates that only two hours are needed, as the case is relatively simple from his perspective. Plaintiff's cause of action revolves around a limited liability company that was formed in 2006, known as Fusion Modeling Agency LLC. Plaintiff Kevin Pollack, Defendant Jody Gordon, and other investors entered into an Operating Agreement (which is attached as Exhibit 1 to the Complaint). Id. ¶9. The LLC was dissolved by judicial order on May 3, 2021.

When the LLC was dissolved, Plaintiff owned approximately 35% of the Membership Units (the equivalent of shares if the company were a corporation, rather than an LLC). Under Section 8 of the Operating Agreement, Defendant Gordon was to "take full account of the Company's liabilities and assets, and the Company's assets will be liquidated as promptly as is consistent with obtaining the fair value thereof." That never happened, which constitutes a breach of contract and a breach of Defendant Gordon's fiduciary duties. Thus, the only remaining issue is damages from Plaintiff's perspective.

Given that the legal issues are simple, Plaintiff believes the parties will not need to mediate before the Court for more than two hours. It should be a straightforward matter.

Respectfully,

*/s/ David Kasell*
*Attorney for Plaintiff Kevin Pollack*