UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KEVIN POLLACK,

                Plaintiff,

    -against-                                  **ORDER**
                                                             23-CV-2376-KAM-SJB
JODIE GORDON, FUSION MODELS BK LCC,

                Defendants,
-----------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

       Plaintiff has filed a detailed motion to compel that seeks: (1) automatic disclosures required under Rule 26(a)—which have not been provided; (2) revised responses to document requests that do not contain boilerplate or general objections; (3) documents in a reasonably useable form, with Bates Numbers, and organized in a coherent manner; (4) and signed interrogatories and revised interrogatory responses. (Pl.'s Mot. to Compel ("Pl.'s Mot."), Dkt. No. 33). The motion is granted in full with one exception.

       In opposition to the motion to compel, Defendants provided a page-long letter that fails to grapple with any substance of the motion and is largely incoherent. (Defs.' Letter in Opp'n to Pl.'s Mot., Dkt. No. 36). It provides no substantive reason or basis to deny the motion to compel. (*See id.*). And as such, the motion is granted as follows: Defendants must provide complete Rule 26(a) disclosures no later than **October 17, 2024**. They must also provide revised responses to the Plaintiff's document requests without generic or boilerplate objections and comply with the requirements of Rule 34. *See generally Finkelstein v. Bical*, No. 23-CV-00049, 2023 WL 9119575, at *1 (E.D.N.Y. Dec. 14, 2023). Revised responses and documents must be produced by **November 1,**

**2024**.  It is not an appropriate response to indicate that the documents are in the possession of Plaintiff or to provide documents that are not organized (either by Bates-stamp or similar means).

A verified interrogatory response must be produced by **October 2, 2024**.  The Court declines to direct the submission of revised interrogatory responses.  At best, Plaintiff's objection is that it disagrees with the substance of the response proffered by Defendants.  But an objection that a response is evasive is directed to the merits of the dispute: a disagreement about whether certain items exist, or which party is liable.  These issues are more appropriately addressed in the context of depositions.  The Court declines to order that Defendants issue responses tailored to Plaintiff's theory of the facts.  (*E.g.*, Pl.'s Mot. at 5 ("This response is evasive because Fusion clearly had assets, even if Defendant Gordon did not list them.")).  Nor can the Court evaluate a claim made by Plaintiff that the responses are "evasive or incomplete on their face." *Id.*  Only this aspect of the motion to compel is denied.  Should Defendants fail to comply with this order, the Court will impose sanctions, including payment of fees and costs as necessary.

SO ORDERED.

*/s/Sanket J. Bulsara*  September 17, 2024
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York