# Kasell Law Firm

October 22, 2024

Magistrate Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 13C South
Brooklyn, New York 11201

**Re:** **Motion for Sanctions in *Kevin Pollack v. Jodie Gordon and Fusion Models BK LLC*, No. 23 Civ. 02376 (E.D.N.Y.) (SJB)**

Judge Bulsara:

Pursuant to Rule 37(c)(1)(C) of the Federal Rules of Civil Procedure ("Federal Rules"), and the Order issued by this Court issued on September 17, 2024, Dkt. No. 38, Plaintiff Kevin Pollack ("Pollack") respectfully moves for the Court to sanction Defendants Jodie Gordon ("Gordon") and Fusion Models BK LLC ("Fusion BK"). Plaintiff specifically move (1) to strike the automatic disclosures submitted today, October 22, 2024 – five days after the due date of October 17, 2024 under the Court's Order granting the motion to compel, *see* Exhibit 1 (attached to this letter), (2) sanction Defense counsel for costs totally $300 for the attorneys' time incurred as a result the newest disclosures, and (3) striking paragraph (b) of the automatic disclosures submitted on October 17, 2024, which states in full:

> Documents.
>
> a. Defendants have provided responsive documents on September 6, 2024.
>
> b. Defendants may supplement these disclosures if additional documents are identified.

Exhibit 2. Defendants are transparently attempting to keep the door open for disclosing new information in the future that does not comply with Rule 37's requirement that Defendants show that the disclosure of new documents is "substantially justified" or is harmless." Fed. R. Civ. P. 37(c)(1). Such conduct should not be countenanced.

1

# Kasell Law Firm

## I. Background

### A.      Complaint

On March 28, 2023, Kevin Pollack filed a complaint initiating the action after an arbitration was terminated due to Defendant Jodie Gordon's non-payment of the arbitration fees. The crux of Plaintiff's complaint is very straightforward: Article 8.1 of the Operating Agreement states in relevant part that "[t]he Company will be dissolved and its affairs will be wound up upon the earliest to occur of the following . . . [including] the entry of a decree of judicial dissolution pursuant to the Law." ECF No. 1-1 at 19. Articles 8.2 of the Operating Agreement states:

> Winding Up. Upon the occurrence of any event specified in Section 8.1, the Managing Members will take full account of the Company's liabilities and assets, and the Company's assets will be liquidated as promptly as is consistent with obtaining the fair value thereof . . . .

*Id.* at 20.

Plaintiff alleges that Defendant Gordon breached the contract (*i.e.*, the Operating Agreement) and her fiduciary duties as managing member because, after the judicial order dissolving the company, Gordon did not "liquidate the Company's assets . . . as is consistent with obtaining the fair value" or otherwise comply with Articles 8.1, 8.2, and 8.3 of the Operating Agreement. Instead, Gordon transferred all the assets to Fusion BK, a limited liability company formed under the laws of the State of New York on November 5, 2021. This includes, for example, the mark for Fusion, its website, email, and other contact information, as well as the goodwill built up over nearly two decades. *See generally* ECF No. 1, ¶27 (allegations of assets that were transferred without compensation). At the time it was judicially dissolved, Pollack owned 35.222% of the company.

### B.      Plaintiff's Motion to Compel

On August 12, 2024, a year and a half after the action was initiated, Plaintiff moved to compel Defendants to provide disclosures as automatically required under Rule 26(a). The undersigned counsel had ***repeatedly*** made the request of Attorney Patelis by telephone in the meet-and-confers and by email. *See* ECF No. 33. Plaintiff sought an order compelling a description, or copies, of all documents, electronically stored information, and tangible things that Defendants have in their possession, custody, or control and ***may use to support their defenses or counterclaims***. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added).

On September 17, 2024, the Court granted this motion in an Order stating that Defendants had responded with "a page-long letter that fails to grapple with any substance

of the motion and is largely incoherent. It provides no substantive reason or basis to deny the motion to compel." ECF No. 38 at 1. The Court ordered Defendants to "provide **complete** Rule 26(a) disclosures no later than October 17, 2024." ECF No. 38 (emphasis added).

On Thursday, October 17, 2024, Plaintiff received the disclosures, which were required to be "complete" under the Court's order. They state in full:

Documents.

a. Defendants have provided responsive documents on September 6, 2024.

b. Defendants may supplement these disclosures if additional documents are identified.

Exhibit 2. Defense counsel then stated she was out of the office until today and unavailable.

On Monday, October 21, 2024, the undersigned emailed Defense counsel: "I will ask the court to strike paragraph(b). In the alternative, you may stipulate to withdraw paragraph (b) and your dislosure would be: 'Defendants have provided responsive documents on September 6, 2024.'" Today at 12:49 p.m., Defense counsel responded, "I will make that change."

After receiving this agreement, the undersigned counsel followed up with a confirmation email that the disclosure was now – as previously stated -- Defendants have provided responsive documents on September 6, 2024. I also informed Defense counsel Rule 37(c) provides in part that: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was **substantially justified** or is **harmless**." Fed. R. Civ. P. 37(c)(1) (emphasis added). I further explained that the purpose of the rule is to prevent 'sandbagging' an opposing party with new evidence. *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000).

Upon receiving this, Defense counsel emailed me at 12:57 p.m. ". . . we had a deposition and you did not ask for a single document. I will note that in my disclosure, I have a right to supplement, and the Judge would not deny that." I then informed her that in light of this statement (and the apparent retraction of her agreement), I would file the motion to strike paragraph (b) of the disclosures.

At 1:42 p.m. today, after having been informed about Rule 37(c), Defense counsel emailed new disclosures that:

(1) Added a new witness, Anthony Paredes, a CPA

(2) Added the statement "Defendant was deposed on October 8, 2024, and Plaintiff did not call for the production of any financial documents regarding Fusion;"

(3) Continues to state "Defendants may supplement these disclosures if additional documents are identified."

*See* Exhibit 1.

Plaintiff now moves for Defendants to be sanctioned pursuant to Rule 37(c) of the Federal Rules, and this Court's Order issued on September 17, 2024, which set a firm deadline for ***complete*** disclosures by October 17, 2024 (19 months after the complaint was filed, and 12 months after current defense filed her notice of appearance, Dkt. No. 18).

## II. The Federal Rules and this Court Prohibit Defendants' Conduct

"A major purpose" of Rule 26's initial disclosure requirements "is to accelerate the exchange of basic information about the case and to eliminate the paperwork involved in requesting such information." Fed. R. Civ. P. 26 advisory committee's note to 1993 Amendments. Rule 37(c)(1) gives teeth to Rule 26's requirements by forbidding the use "at a motion, at a hearing, or at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *see also Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006).

Rule 37(c) provides in part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added). The purpose of the rule is to prevent "sandbagging" an opposing party with new evidence. *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000).

Regarding the disclosures made today, they are not within the deadline imposed by the Court and come after a detailed motion that Plaintiff had to file after numerous requests (which by itself wholly undermines the purpose of Rule 26). For this reason alone, today's disclosure statement should be stricken. Moreover, the statement "Defendant was deposed on October 8, 2024, and Plaintiff did not call for the production of any financial documents regarding Fusion" is completely incoherent and irrelevant under Rule 26 and Rule 37. Of course, if Defendants wish to supplement the disclosures made on October 17, 2024, they may do so, as long as they meet their burden of showing the new disclosures are substantially justified or are harmless. *See* Fed. R. Civ. P. 37(c)(1).

# Kasell Law Firm

Regarding the disclosures made on October 17, 2024 (under the Court-imposed deadline), Defendants have merely disclosed documents that they have already turned over pursuant to the document demands made by Plaintiff. Apparently, there are no other documents that they "may" use to support their defenses or counterclaims. Fed. R. Civ. P. 26(a)(1)(A)(ii). Indeed, Defendants have failed to provide a description by category and location of documents that may be relied upon (including, for example, documents that their newly disclosed expert witness may rely upon).

The point is that the automatic disclosures are meant to inform Plaintiff of the universe of documents Defendants may rely upon in this litigation. If Defendants want to offer such a paltry automatic disclosure, then that is Defendants' strategic choice.

But it violates the Federal Rules for Defendants to state, "Defendants may supplement these disclosures if additional documents are identified," as part of the disclosure under Rule 26. If Defendants wish to supplement the disclosures or provide new documents, they will need to show how their failure to even describe those documents by category and location was substantially justified or is harmless pursuant to Rule 37(c)(1).

For these reasons, Plaintiff moves (1) to strike the automatic disclosures submitted today, October 22, 2024—five days after the due date of October 17, 2024, under the Court's Order granting the motion to compel, see Exhibit 1 (attached to this letter); (2) to sanction Defense counsel for costs totaling $300 for the attorneys' time incurred as a result of the newest disclosures submitted today; and (3) to strike paragraph (b) of the automatic disclosures submitted on October 17, 2024, which states in full, "Defendants may supplement these disclosures if additional documents are identified." Defendants' document disclosures should simply be read—as Defense counsel initially agreed before being informed of Rule 37—"Defendants have provided responsive documents on September 6, 2024."

Respectfully,

*/s/ David Kasell*
*Attorney for Plaintiff Kevin Pollack*

## Attachments

Exhibit 1:  Defendants' Untimely Automatic Disclosures dated October 22, 2024

Exhibit 2:  Defendants' Automatic Disclosures dated October 17, 2024

1038 Jackson Avenue #4 • Long Island City, NY 11101

# Exhibit 1

KEVIN POLLACK,

                  Plaintiff,

-against-

JODIE LOUISE GORDON (also known as JODY
GORDON) and FUSION MODELS BK LLC.,

                  Defendants.

Case No.: 23 Civ. 2376
(KAM)(SJB)

**DEFENDANTS' RULE
26(a)(1) INITIAL
DISCLOSURES**

Defendants, Jodie Louise Gordon (also known as JODY GORDON) and Fusion Models BK LLC.,
by and through their attorneys, Maria Patelis & Associates, PLLC, hereby submits the following
initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1):

1. **Individuals likely to have discoverable information.**

   a. Defendants, Jodie Louise Gordon (also known as JODY GORDON)
      individually and as former member of Fusion Modeling LLC and Fusion Models
      BK LLC.

   b. Plaintiff, Kevin Pollack, c/o his undersigned counsel.

   c. Heidi Muckler, valuation expert of HFM Valuation and Consulting Services, 600
      Broadway, Suite A, Lynbrook, New York 11565. Telephone number 516-569-
      9333. Please see attached CV.

   d. Anthony Paredes, CPA, Carlos Cadavillo, CPA, MBA, AF Paredes & Company
      CPA LLP., 250 Stelton Road, Ste 8, Piscataway, NJ 08854. Telephone number
      732-752-9530.

2. **Documents.**

a. Defendants have provided responsive documents on September 6, 2024. Defendant was deposed on October 8, 2024 and Plaintiff did not call for the production of any financial documents regarding Fusion.

b. Defendants may supplement these disclosures if additional documents are identified.

**3. Computation of damages.**

a. Costs in defense of this action as stated in Defendants' counterclaims together with reasonable attorney's fee as determined by the Court.

**4. Liability insurance**. Not applicable.

Dated:     October 22, 2024

Very Truly Yours,

Maria Patelis, Esq.
Maria Patelis & Associates, PLLC.
*Attorney(s) for Defendants*
7024 18th Avenue
Brooklyn, New York 11204
917-653-7214
m.patelis@aol.com

# Exhibit 2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

KEVIN POLLACK,

                Plaintiff,

      -against-

JODIE LOUISE GORDON (also known as JODY
GORDON) and FUSION MODELS BK LLC.,

                Defendants.

Case No.: 23 Civ. 2376
(KAM)(SJB)

**DEFENDANTS' RULE
26(a)(1) INITIAL
DISCLOSURES**

Defendants, Jodie Louise Gordon (also known as JODY GORDON) and Fusion Models BK LLC.,

by and through their attorneys, Maria Patelis & Associates, PLLC, hereby submits the following

initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1):

1. **Individuals likely to have discoverable information.**

   a. Defendants, Jodie Louise Gordon (also known as JODY GORDON) individually and as former member of Fusion Modeling LLC and Fusion Models BK LLC.

   b. Plaintiff, Kevin Pollack, c/o his undersigned counsel.

   c. Heidi Muckler, valuation expert of HFM Valuation and Consulting Services, 600 Broadway, Suite A, Lynbrook, New York 11565. Telephone number 516-569-9333. Please see attached CV.

2. **Documents.**

   a. Defendants have provided responsive documents on September 6, 2024.

   b. Defendants may supplement these disclosures if additional documents are identified.

3. **Computation of damages.**

a. Costs in defense of this action as stated in Defendants' counterclaims together with reasonable attorney's fee as determined by the Court.

**4. Liability insurance.** Not applicable.

Dated:    October 17, 2024

Very Truly Yours,

_____
Maria Patelis, Esq.
Maria Patelis & Associates, PLLC.
*Attorney(s) for Defendants*
7024 18th Avenue
Brooklyn, New York 11204
917-653-7214
m.patelis@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
 KEVIN POLLACK,

                         Plaintiff,

                                                          23 Civ. 2376 (KAM) (SJB)


            -against-

JODIE LOUISE GORDON (also known as
JODY GORDON) and FUSION MODELS
BK LLC,

                         Defendants.
--------------------------------------------------------------------------X

### <u>CERTIFICATION</u>

Pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure and Part V.B. of the

Individual Practices of Magistrate Judge Sanket J. Bulsara, I hereby certify in good faith that I

have conferred with counsel for the Defendants after they failed to provide the required automatic

disclosures and responses to the document demands and interrogatories, in an effort to obtain the

necessary disclosures and responses without court intervention.

Plaintiff served document demands on April 9, 2024, and interrogatories on April 26, 2024.

After a meet-and-confer, Defendants responded to the discovery demands on July 10, 2024—92

days after being served with the interrogatories and 75 days after being served with the document

demands. I requested a second meet-and-confer concerning the deficient responses, which

occurred with the Attorney for Defendants on July 26, 2024. Attorney for Defendants set a deadline

of two weeks to respond but failed to supplement the responses or provide any disclosures as

required under Fed. R. Civ. P, 26(a). Prior to filing, I informed the Attorney for Defendants that

Plaintiff would file a motion to compel if Defendants continued to miss deadlines and failed to

provide any update. Counsel also communicated about the motion to compel before it was filed.

The Court issued an Order on September 17, 2024, requiring the automatic disclosures by October 17, 2024.  While I respectfully submit that no additional meet-and-confers were needed in light of the prior meet-and-confers, which resulted in a Court Order, I had a phone call with Attorney for Defendants on Friday, October 18, 2024.  I also followed this phone call with an email stating that I would not file the motion to strike if Defense Counsel removed it.  Defense counsel initially agreed but then stated in an email:  "we had a deposition and you did not ask for a single document. I will note that in my disclosure, I have a right to supplement, and the Judge would not deny that."  I informed defense counsel that in light of her statement, I would file the motion to strike paragraph (b) from the disclosures.  Defense Counsel then submitted a new, untimely, disclosure statement.

DATED:   Long Island City, New York
         October 22, 2024

                                        /s/ David Kasell
                                        David M. Kasell
                                        Kasell Law Firm
                                        *Attorney for Plaintiff Kevin Pollack*