# Kasell Law Firm

November 2, 2024

Magistrate Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 13C South
Brooklyn, New York 11201

**Re:** **Motion for Sanctions in *Kevin Pollack v. Jodie Gordon and Fusion Models BK LLC*, No. 23 Civ. 02376 (E.D.N.Y.) (SJB)**

Judge Bulsara:

On September 17, 2024, this Court granted Plaintiff's motion to compel "revised responses to the Plaintiff's document requests without generic or boilerplate objections and [to] comply with the requirements of Rule 34. Revised responses and documents must be produced by November 1, 2024." ECF No. 38 at 1. The Court concluded: "Should Defendants fail to comply with this order, the Court will impose sanctions, including payment of fees and costs as necessary." *Id.* at 2. Plaintiff respectfully submits that the Court should now sanction Defendants with an Order:

(1) designating as a fact that the assets from Fusion were transferred to Fusion Models BK LLC ("Fusion BK"), and

(2) precluding Defendants from challenging that Plaintiff's damages expert on the ground that his testimony is not based on sufficient facts or data under Fed. R. Civ. P. 702(b).

In the alternative, Plaintiff request an order that as is just and commensurate with Defendants' noncompliance with the Order issued September 17, 2024, particularly as fact discovery is set to close in less than one month.

## I.    BACKGROUND

Formed in 2006, Fusion was a multimillion-dollar fashion company based in Brooklyn. On October 2, 2013, Kevin Pollack became a 35.222% owner of the LLC's membership units. The only other member of the LLC was Jodie Gordon, who managed its day-to-day operations and owned approximately 64.778% of the units.

1038 Jackson Avenue #4 • Long Island City, NY 11101

In 2019, Fusion reported total income of $1.7 million based on sales of $5.6 million. D331.[1] However, the LLC did not make a single distribution of money to Mr. Pollack, even though he was a 35% owner. On July 28, 2020, the undersigned counsel wrote a demand letter to Ms. Gordon on behalf of Pollack, seeking to inspect Fusion's books and records under the Operating Agreement. On August 6, 2020, Attorney Maria Patelis wrote to me in response: "Our firm is now representing Ms. Gordon. Please direct all communication to the undersigned. I look forward to working with you."[2]

On April 12, 2022, Pollack initiated an arbitration with the AAA. On December 20, 2022, in the middle of discovery, the AAA Panel suspended the matter due to Gordon's non-payment of the arbitration fees. On March 11, 2023, the AAA issued a Termination Order.

On March 28, 2023, Plaintiff initiated this action by filing a complaint against Jodie Gordon and Fusion BK. The crux of the complaint is that Defendant Gordon breached Article 8 of the Operating Agreement by failing to sell the tangible and intangible assets of the LLC and distribute the proceeds. *See* ECF No. 1-1 at 19-20.

## II.  DEFENDANTS SHOULD BE SANCTIONED

On September 17, 2024, this Court ordered Plaintiff to submit "revised responses to the Plaintiff's document requests without generic or boilerplate objections and [to] comply with the requirements of Rule 34." ECF No. 38 at 1. On September 30, 2024, Attorney Patelis informed the Court that Defendants had purportedly "complied with said Order." ECF No. 39.

Defendants' revised responses, however, added boilerplate language, specifically paragraph 17 to their "general objections," which Defendants incorporated into their specific objections. *Compare* Ex. 2, ¶13 (incorporation of general objections to all responses) and ¶17 (new general response) with ECF 33-3 (initial defective responses). Defendants also continued to impermissibly object that the "information [was] already in Plaintiff's possession and/or control." Ex. 3, ¶¶1-12, 14. Finally, Defendants withheld certain critical information as well as all forms electronically stored information, or "ESI," yet failed to state what they were withholding based on the objections they made.

Counsel scheduled a meet-and-confer for October 11, 2024, at 2 p.m., but Attorney Patelis canceled it seven minutes beforehand. On Friday, October 25, 2024, the

---

[1] D__ refers to documents produced by Defendants on November 1, 2024 (D1-D2139). Because these documents contain confidential information, they have not been attached but can be upon request from the Court.

[2] As of that date, respectfully, Defendants had a duty to take reasonable steps to preserve relevant evidence.

undersigned counsel and Attorney Patelis then engaged in a meet-and-confer by phone that last over 60 minutes during which the undersigned counsel repeatedly explained and stated Plaintiff's objections. On Friday, November 1, 2024, Defendants submitted new responses. Respectfully, Defendants should be sanctions for the following reasons.

***First***, Defendants continue to submit boilerplate objections and have added boilerplate, specifically paragraph 17 to their "general objections," which Defendants incorporate into their specific objections. *Compare* Ex. 1, ¶13 (incorporation of general objections to all responses) and ¶17 (new general response) with ECF 33-3 (initial defective responses). Defendants' responses violate the Court's Order and Rule 34 of the Federal Rules of Civil Procedure. *See* ECF No. 38 at 1 (citing *Finkelstein v. Bical*, No. 23 Civ. 00049, 2023 WL 9119575, at *1 (E.D.N.Y. Dec. 14, 2023) (Bulsara, *J.*)); *see also CapRate Events, LLC v. Knobloch*, No. 17 Civ. 5907, 2018 WL 4378167, at *1 (E.D.N.Y. Apr. 18, 2018) (holding that "the Federal Rules no longer permit global, generalized objections to each request") (Bulsara, *J.*); *Fischer v. Forrest*, No. 14 Civ. 1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017). Defendants were also given notice that boiler plate objections were impermissible in the instructions, *see* Ex. 3 at 5-6, ¶11, and in the meet-and-confers.

***Second***, the Court's Order stated, "It is not an appropriate response to indicate that the documents are in the possession of Plaintiff . . . ." ECF No. 38 at 2. Defendants continue to inappropriately object that the Plaintiff's demands seek "information already in Plaintiff's possession and/or control." Ex. 1, ¶¶ 3, 6, 7, 8, 10, 13, & 14.

***Third***, Defendants continue to fail to state whether "any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). For example, Demand No. 11 requires copies of all monthly bank statements, *inter alia*, for Defendant Gordon from the inception of Fusion until present. Defendants provide boilerplate objections and then conclude: "Subject to the foregoing objections, Defendants provide the following responsive demands annexed hereto as [D499 – D1122].'" Ex. 1.

Moreover, D499 – D1122 contain ***no*** bank statements for Defendant Gordon but only contain bank statements for three accounts belonging to Fusion from August 2018 through December 31, 2021 – with one highly significant omission (*i.e.*, December 2020). S*ee* D936-D937 (missing December 2020). Those two bank accounts end in -646 and -736 (that later of which is considered the "payroll account"). There is also a high yield savings account connected to -736 that ends in -457.

The withheld bank statement for December 2020 makes it impossible to see if there are unaccounted bank accounts or money being received by matching up the tax statements for 2020 (the year immediately before the judicial dissolution on April 30, 2021), with the incoming deposits as the tax statements were based on an accrual method. *See, e.g.*, D476 (2021 tax form 1065). As the Court knows, a cash basis of income records when money is

1038 Jackson Avenue #4 • Long Island City, NY 11101

received or paid; accrual basis records income and expenses when they are earned, and the cash is often received later.

Withholding the December 2020 statement for the -646 and -736 account also makes it impossible to verify the 2020 balance sheet, which shows Fusion's assets and liabilities on a specific date, December 31, 2020. *See* D21. The balance sheet also contains some material marked as "deleted" (in the name) that Defendants have not stated is being withheld. *See id.* More importantly, there is fourth bank account for which no documentation has been produced: a checking account ending in -565. *See* D21 (balance statement stating there are four accounts).

Defendants also continue to withhold the information from the Profit & Loss Statement (Income Statement) from the last six months of 2020 – they have only provided January through June 2020. *See* D2. This information is critical to determining the value of the company as of dissolution. Despite being obviously withheld, Defendants have failed to state so under Fed. R. Civ. P. 34(b)(2)(C).

*Fourth*, Defendants have not produced:

(1) Income statements, cash flow statements, and balance sheets for Fusion BK pursuant to Document Demand No. 1;

(2) tax statements for Fusion BK pursuant to Document Demand No. 2;

(3) bank statements for Fusion BK pursuant to Document Demand No. 3;

Plaintiff demanded these documents for any "Fusion Affiliate" which is defined as any entity that has held or used any assets that were held by Fusion at any time. One obvious asset is the telephone number (212-675-1300), and Defendant Gordon conceded that "Fusions always had the same phone number" *See* Ex. 4 at 5 (Gordon Dep.) at 43:13-21. Another asset is the service mark "Fusion Models," and the simple fact is that Defendant Gordon refers to the new as "my Fusion Models BK," *see id.* at 4, an obvious use of the mark. Indeed, the website http://fusionmodelsbk.com merely redirects to https://www.fusionmodelsnyc.com (last checked November 2, 2024).

Rule 37 provides that this Court may issue an order that certain designated facts be taken as established in accordance with the claim of the party obtaining the order, Fed. R. Civ. P. 37(b)(2)(A)(i); *see also Santrayll v. Burrell*, No. 91 Civ. 3166, 1998 WL 60926, at *3 (S.D.N.Y. Jan. 21, 1998). In addition, "a court may impose sanctions on a party for misconduct under its inherent power to manage its own affairs." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106-07 (2d Cir. 2002).

The effect of Defendants' conduct – the repeated use of boilerplate and inappropriate objections, the failure to state what documents they are withholding, and the obvious withholding of documents that are critical to Plaintiff's case without stating the reason for being withheld – is to prevent Plaintiff from proving that the assets owned by Fusion are now being used by Fusion BK, and to prevent Plaintiff's expert from using those documents to calculate the value of Fusion on or about the date of judicial dissolution on April 30, 2021.

In *Update Art, Inc. v. Modiin Publishing, Ltd.*, the Second Circuit explained the three purposes behind sanctions under Rule 37:

> First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

843 F.2d 67, 71 (2d Cir. 1988) (citations omitted).

In this case, the Court ordered Defendants to "provide revised responses to the Plaintiff's document requests without generic or boilerplate objections and comply with the requirements of Rule 34" and stated that it was "not appropriate response to indicate that the documents are in the possession of Plaintiff." ECF No. 38 at 1-2. Defendants have not only continued to violate this Order, but also Rule 34's requirement that they state whether any documents are being withheld to the effect of obstructing Plaintiff's ability to obtain properly requested evidence. *See* Fed. R. Civ. P. 34(b)(2)(C). Moreover, they are obviously withholding critical documents.

In light of the purposes of Rule 37, Plaintiff now respectfully request that

(1) designating as a fact that the assets from Fusion were transferred to Fusion Models BK LLC ("Fusion BK"), and

(2) precluding Defendants from challenging that Plaintiff's damages expert on the ground that his testimony is not based on sufficient facts or data under Fed. R. Civ. P. 702(b).

Respectfully, this sanction is just and commensurate with Defendants' noncompliance. *See Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, 2017 WL 3671036, at *21 (quoting *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 140 (2d Cir. 2007)).

1038 Jackson Avenue #4 • Long Island City, NY 11101

# Kasell Law Firm

Respectfully,

/s/ *David Kasell*
*Attorney for Plaintiff Kevin Pollack*

Ex. 1: Defendants' [**Third**] Objections and Responses to Plaintiffs' First Set Of Document Demands dated October 31, 2024 (received on November 1, 2024)

Ex. 2: Defendants' [**Second**] Objections and Responses to Plaintiffs' First Set Of Document Demands dated September 11, 2024

Ex. 3: Plaintiff's Document Demands dated April 9, 2024, and Defendants' [**First**] Objections and Responses to Plaintiffs' First Set of Document Demands dated July 9, 2024

Ex. 4: Excerpts from Deposition of Jodie Gordon on October 8, 2024

1038 Jackson Avenue #4 • Long Island City, NY 11101