# EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
 KEVIN POLLACK,

                            Plaintiff,

                                                        23 Civ. 2376 (KAM) (SJB)


          -against-

JODIE LOUISE GORDON (also known as
JODY GORDON) and FUSION MODELS
BK LLC,

                            Defendants.
-------------------------------------------------------------------------X

## <u>PLAINTIFF'S FIRST SET OF DOCUMENT DEMANDS</u>

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the undersigned hereby requests the production of documents, electronically stored information, and tangible things for inspection and copying by the opposing party. Plaintiff acknowledges that these requests are limited to the scope of FRCP Rule 26(b), and requests that when Plaintiff is unable to produce certain documents because they fall outside of such scope, Plaintiff will provide a brief, particularized explanation as to the reason why the documents fall outside the scope of the request.

Further pursuant to FRCP Rule 34(b)(2)(E), Plaintiff requests that when Plaintiff does produce the requested documents, including electronically stored information (ESI), Plaintiff will produce such documents or ESI as they are kept in the usual course of business. Failure to comply with this request may result in appropriate motions and sanctions being sought from the court.

**PLEASE TAKE FURTHER NOTICE** that this shall be deemed to be a continuing demand, and should any of the documents or things designated for discovery and inspection in this notice come into Defendants' ossession, custody, or control after the time of original production, Respondent shall be required to produce such documents in compliance with FRCP Rule 34.

Defendants must respond in writing within 30 days after being served.

### **DEFINITIONS**

1.      The terms "You" or "Your" shall refer to Defendants including Defendant Jodie Louise Gordon (also known as Jody Gordon) or Fusion Models BK LLC  or both.

2.      The term "Document" shall refer to every tangible thing from which information can be obtained, perceived, reproduced or communicated, either directly or with the aid of a machine or device, including, but not limited to, any handwritten, typed, printed or graphic materials; any drawing, diagram, lists, graphs, analyses or chart; any photograph, slide, movie, videotape or film; any record, correspondence, calendar, document, presentation, memorandum, note, analysis or other writing; any recording, tape, disk, drum, cassette, transcript, electronic correspondence or computer file, including, but not limited to, e-mails, instant messages and text messages, however stored or recorded, and each draft or non-identical copy of any of the foregoing.

3.      The term "Communication" means the act or fact of communicating, whether in person, by telephone, in writing, by facsimile, by e-mail, by voicemail, by instant message, by text message or otherwise.

4.      The terms "refers to," "referring to" and "relating to" mean reflecting, concerning, embodying, evidencing, relating to, mentioning, supporting or having any connection with or bearing upon, directly or indirectly, the matter set forth in the given document request.

5.      The terms "knowledge," "possession," "custody" and "control" shall relate to You and Your attorneys, investigators, agents, employees, former employees, directors, officers, affiliates, consultants, experts, representatives and any other person acting on Your behalf.

6.      The term "person" means any natural person or any entity or association in law or in fact, including, but not limited to, any business, legal or government entity or association.

2

7.      The terms "all" and "any" shall be construed as any and all, and the term "each" shall be construed as each and every, so as to bring within the scope of a given document request all responses that might otherwise be construed as outside its scope.

8.      The terms "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of a given document request all responses that might otherwise be construed as outside its scope.

9.      The singular form of a word or term shall be construed to include the plural and *vice versa*.

10.     The present tense shall be construed to include the past tense.

## INSTRUCTIONS

1.      This Request is continuing so as to require supplemental responses if You or any Person acting on Your behalf obtains additional information called for by any document request herein between the time of service of this Request and the time of the trial.

2.      In responding to this Request, You are requested to furnish all Documents known or available, regardless of whether the Documents are possessed directly by You, or by Your agents, present or former attorneys, accountants, consultants, representatives, investigators, affiliates, predecessors, corporations, partnerships, or any other legal entities controlled by or in any manner affiliated with you. Information required by this subpoena includes information known, or capable of being obtained, by You.

3.      This Request covers Documents in Your possession, custody, or control, including, but not limited to, Documents maintained at any of Your present or former offices, at the offices of agents, Your attorneys, or elsewhere.

4.      Documents and Communications are to be produced in full; redacted or incomplete Documents and Communications will not constitute compliance with this Request. If any requested Documents, Communications or things cannot be produced in full, produce them to the extent possible, indicating which Document, Communication or thing, or portion of that Document, Communication or thing is being withheld, and the reason for which You are withholding the Document, Communication, thing or portion thereof.

5.      In responding to this Request, You are instructed to produce Documents and Communications as they are kept in the usual course of business.

6.      All Documents and Communications shall be produced in any file folder, envelope or other container along with any tabs or other labels in which the Documents and Communications are maintained.

7.      Documents attached to each other should not be separated.

8.      Electronic Documents/Communications and computerized information should be produced in an intelligible format with all referenced attachments, and with its metadata including, but not limited to, providing a password for each password-protected electronic document.

9.      If there are no Documents responsive to a particular request, please so state.

10.     If any Document or Communication responsive to this Request has been lost, discarded, destroyed, or otherwise is no longer in existence or in Your possession, custody or control, You are instructed to provide the following information with respect to each such Document or Communication:

   a. the type of Document or Communication;
   b. a description of its contents and subject matter, including the type of information contained therein and the date on which it ceased to exist;
   c. the circumstances under which it ceased to exist, including the manner and reason for the disposal as well as who authorized it;

d. the identity of all persons having knowledge of the contents of such Documents or Communications;
e. the preparer(s) of the Document or Communication;
f. the addressor(s) of the Document or Communication, if different from the preparer;
g. the addressee(s) of the Document or Communication; and
h. each recipient of the Document or Communication..

11. **PLEASE TAKE NOTICE THAT** FRCP Rule 34 requires that objections to document requests must be specific. Boilerplate objections, by their nature, are vague and fail to address the specific grounds for objection in relation to each individual request. Rule 26(g) further requires that discovery requests, responses, and objections be made in good faith. Boilerplate objections can be seen as a tactic to delay or frustrate the discovery process rather than a genuine attempt to address legitimate concerns about the requests. Plaintiff will treat boilerplate objections as evasive or non-responsive or both, and move for sanctions against YOU when appropriate.

A responding party is required to specifically state if documents will be withheld based on the specific objections raised. *See* Fed. R. Civ. P. 34, Advisory Committee Notes to 2015 Amendments. The 2015 amendments to Rule 34 were intended to "end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections."

Before You respond to any document requests under the new rules, You need to do Your due diligence to understand how and where Your clients store their data, the potential data sources, the key custodians, and any collection challenges. For example, You cannot object to a document request as "unduly burdensome" without specifying how it is burdensome or how that burden affects the scope and cost of collection, processing, review, and production. The once familiar "Subject to these objections (*e.g.*, overbroad, unduly burdensome, and ambiguous), we will produce responsive documents" or words to that effect are no longer sufficient. Rather, the

objections must include the requisite particularity in response to each document request to explain what is being withheld. If You object to any of the requests, in whole or in part, state in writing with specificity the grounds for your objections. Any ground not stated shall be considered waived. If You object to a particular portion of any of the requests, state in writing with specificity the grounds for Your objection and respond to the remaining portions of the requests.

12.     If You object to the production of any Document on the basis of some privilege, You are required to, *inter alia*, produce a privilege log that lists each Document or Communication withheld, generally describe each one (including its date, its author, each recipient, the relationship of these persons, the type of Document or Communication and the subject matter), a statement of the privilege asserted, the basis for the assertion of that privilege and any additional information necessary to sufficiently establish the existence of the privilege asserted. For a chain of electronic mail communications containing multiple exchanges, each individual message should be logged individually.

13.     If, in responding to this Request, You claim any ambiguity in interpreting either this Request or a definition or instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to this Request.

14.     If Documents being produced are hard copy Documents, rather than making another hard copy, You should scan the Documents in TIFF format with Optical Character Recognition ("OCR") along with a Relativity database load file containing fields populated with the following: the beginning Bates number of each Document [BEGBATES field]; the ending

Bates number of each Document [ENDBATES field]; the number of pages of each Document [PAGECOUNT field]; and the extracted OCR text [TEXT field].

15.     With respect to Documents that are already in electronic/digital form, or exist in or can be retrieved electronically, such Documents should be converted into a TIFF file with Bates numbers, along with a link to the native, electronic file, and ensure the metadata from the original/native electronic file has been suitably transferred into a load file that can be loaded onto a Relativity database load file.

16.     Documents shall be Bates-numbered so as to identify the party that maintained such Documents in their files.

17.     Unless otherwise specified, the relevant time period referred to in this Request is July 1, 2014, through the present.

18.     You must identify the date a production will be complete or, for rolling productions, "the beginning and end dates of the production." Fed. R. Civ. P. 34(b)(2)(B); *see also Granados v. Traffic Bar and Restaurant, Inc.*, 2015 WL 9582430, at *3 (S.D.N.Y Dec. 30, 2015) (finding that defendants failure to identify a date as to when the documents would be produced to be "thoroughly deficient" under amended Rule 34).

19.     You must expressly state that You are opting to produce copies instead of permitting an inspection.

## DOCUMENT DEMANDS

1.      All income statements, cash flow statements, and balance sheets (including, at a minimum, yearly, quarterly, and monthly) for Fusion Modeling Agency LLC ("Fusion") and for all entities affiliated with Ms. Gordon that have held or used any assets that were held by Fusion at any time ("Fusion Affiliates" and each a "Fusion Affiliate") from the inception of Fusion through and including the present on both an accrual basis and a cash basis.

2.      All tax returns for Fusion and for all Fusion Affiliates from the inception of Fusion through and including the present.

3.      Copies of all monthly bank statements for any other financial accounts for Fusion and for all Fusion Affiliates from the inception of Fusion through and including the present, including copies of both the front and back sides of all non-redacted checks for all such monthly bank statements.

4.      List of all credit card accounts for Fusion and for all Fusion Affiliates and all credit card accounts using Fusion funds and/or using funds from any Fusion Affiliate as a source of payment, and copies of all credit card statements for all of these accounts, from the inception of Fusion through and including the present.

5.      Copies of all life insurance policies on Ms. Gordon with Fusion and/or with any Fusion Affiliate as beneficiary dated subsequent to February 10, 2011.

6.      Schedule of any loans and related Documents (including, without limitation, any personal loans made by Ms. Gordon or on behalf of Ms. Gordon by friends/acquaintances/relatives/affiliates of Ms. Gordon, any government/Small Business Administration (SBA)/CARES Act or COVID-19-related loans and grants, and any bank/financial institution loans) that were applied for or may have been taken for Fusion and/or for any Fusion Affiliate, including the lender

8

name, relationship of the lender to Ms. Gordon, amount, date of loan, maturity date, interest rate, and any fees, and copies of all such loan agreements and records of all payments made and any amounts still outstanding.

7.      Copies of applications and all information provided by Ms. Gordon, Mr. Bret Randle, and any other person, entity and/or party acting on behalf of Fusion and/or any Fusion Affiliate in connection with the Paycheck Protection Program (PPP), and Economic Injury Disaster Loan (EIDL) loan, and/or grant funds and the SBA.

8.      Copies of any information, Documents and Communications sent or received by Ms. Gordon, Mr. Bret Randle, and any other person, entity and/or party acting on behalf of Fusion and/or any Fusion Affiliate to any other sources of funds using Mr. Pollack's name and/or information.

9.      Annual payroll information for Fusion and all Fusion Affiliates on a consolidated and an individual basis for all employees and independent contractors, including Mr. Randle, Randle Accounting, PWT Back Office Solutions LLC, and all affiliates including, without limitation, W-2s and 1099s, and all information and documentation relating to any other payments made to such individuals and/or entities that were not processed via a payroll company.

10.      A list of and amounts of any and all perquisites and benefits provided to any person or entity by Fusion and all Fusion Affiliates.

11.      Copies of all monthly bank statements and statements/documentation for any other financial accounts for Ms. Gordon, including, but not limited to, brokerage accounts and cryptocurrency accounts, from the inception of Fusion through and including the present, including copies of both the front and back sides of all non-redacted checks for all such monthly bank statements.

12.     A list of individual amounts of each payment and total amounts of all payments made directly from Fusion and all Fusion Affiliates to Ms. Gordon, including all "Quickpay with Zelle Payment To Jody Gordon" electronic withdrawals, and any documentation supporting each such payment along with the rationale for each such payment.

13.     Any information, Documents and Communications relating to the sale, merger, joint venture, acquisition, disposition, winding up, and/or dissolution of Fusion and/or any Fusion Affiliate to any other individual(s) and/or entity/entities.

14.     Any other information, Documents and Communications relevant or pertaining to item numbers 1 through 13 above.


DATED:   Long Island City, New York
         April 9, 2023

                                        /s/ David Kasell
                                        David M. Kasell
                                        Kasell Law Firm
                                        1038 Jackson Avenue, #4
                                        Long Island City, NY 11101
                                        (718) 404-6668

## AFFIRMATION OF SERVICE

I, David Kasell, a non-party to the above-captioned litigation, hereby affirm under penalty of perjury that on Tuesday, April 9, 2024, I served PLAINTIFF'S FIRST SET OF DOCUMENT DEMANDS on DEFENDANTS JODIE LOUISE GORDON and FUSION MODELS BK LLC.

I effected service by sending it *via* email and first-class mail or Priority Mail to counsel for Defendants:

Maria Patelis, Esq.
79 Tompkins Circle
Staten Island, NY 10301
Email: m.patelis@aol.com

I declare under penalty of perjury under 28 U.S.C, § 1746 and the laws of the United States of America that the foregoing is true and correct.

/s/ *David Kasell*
David M. Kasell
Kasell Law Firm
1038 Jackson Avenue, #4
Long Island City, NY 11101

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____ X

KEVIN POLLACK,

                Plaintiff,

                           Case No.: 23-cv-04582 (KAM) (SJB)

                                    **DEFENDANTS' OBJECTIONS
AND RESPONSES TO
PLAINTIFF'S FIRST SET OF
DOCUMENT DEMANDS**

           -against-

JODIE LOUISE GORDON (also known as
JODY GORDON) and FUSION MODELS
BK  LLC.

                Defendants.

_____ X

TO:     Plaintiff Kevin Pollack, by and through his counsel of record, David Kasell, Esq.,
Kasell Law Firm, 1038 Jackson Avenue, #4, Long Island City, NY 11101.

Pursuant to Rules 26 and 44 of the Federal Rules of Civil Procedure, Jodie Louise

Gordon (also known as Jody Gordon) and Fusion Modeling Models, BK LLC

(Defendants'), by and through its counsel of record, hereby serves its Objections and

Responses to Plaintiff's First Set of Document Demands.

## GENERAL OBJECTIONS

1. Defendants object to the Requests to the extent that they purport to impose

requirements beyond the scope of the Federal Rules of Civil Procedure of the Local Civil

Rules of this Court.

2. Defendants object to the Requests to the extent that they seek documents or

information protected from discovery by the attorney client privilege, the work product

privilege, or any other applicable privilege or protection.  Such information and

documents shall not be deemed a waiver of any applicable privilege, protection or immunity, and Defendant reserves the right to request the return of any such documents inadvertently produced.

3. Defendants object to the Requests to the extent that they seek documents or information not relevant to the claims or defenses of any party or not reasonably calculate to lead to the discovery of admissible evidence.

4. Defendants object to Plaintiff's request because and to the extent that the terms or phrases contained therein are vague, ambiguous or undefined.

5. Defendants object to Plaintiff's request because and to the extent that it fails to identify the documents that are sought with reasonable particularity.

6. Defendants object the Requests to the extent that they are overly broad, unduly burdensome, harassing, duplicative or unnecessary.

7. Defendants object to the Request to the extent that they seek documents or information that is outside of the Defendants' possession, custody or control, or that is in the possession, custody or control of Plaintiff, or that is equally available to Plaintiff, including from publicly available sources.

8. Defendants object to the Requests to the extent that they assume disputed facts or legal conclusions in defining the information sought. Defendants hereby deny any such disputed facts or legal conclusions. Any documents or information provided by Defendants with respect to any such request is without prejudice to this objection, and Defendants do not, by responding to any Request, adopt or agree with such disputed facts or legal conclusions.

9. Defendants object to the Requests to the extent they purport to require a search of all electronic media on Defendants' custody, possession or control, including computer back-up tapes or other inaccessible electronic data, on the ground that such a search could be overly broad, unduly burdensome or oppressive.

10. Defendants object to the Requests to the extent they purport to require a search of all electronic media in Defendant's custody, possession or control, including computer back-up tapes or other inaccessible electronic data, on the ground that such a search would be overly broad, unduly burdensome and oppressive.

11. Defendants object to the Requests to the extent that they seek documents or information that contains confidential, proprietary or commercially sensitive information or trade secrets.    Defendants' documents or information that contains confidential, proprietary or commercially sensitive information or trade secrets. Defendants' documents contain highly confidential, sensitive, proprietary and non public information, including financial, trade secret and other business information.    After a confidentiality and/or protective order is entered into by the Court in this case, Defendant will produce such documents pursuant thereto.

12. Defendant objects to the Requests to the extent that they purport to require the production of documents outside of the relevant time period.

13. Each of Defendants' specific responses and objections to the Requests set forth below incorporates, and is without waiver of, each of the foregoing General Objections. Defendants' responses and objections are based on information known to it at this time and are without waiver of its right to supplement these responses and/or assert additional objections should it discover additional information or grounds for objection.

14. These responses and objections are made without, in any way, waiving; (i) any objections to the competency, relevancy, materiality, privilege or admissibility as evidence for any purpose, of any documents or information produced in response to the Requests; and (ii) the right to object on any ground to the use of any documents or information.

15. These general Objections are continuing and are incorporated by reference in each and every response set forth below.

16. By providing the information below, Defendants do not in any way waive or intend to waive but rather intends to preserve and is preserving (a) all objections to competency, relevance, materially and admissibility of the responses or the subject matter thereof; (b) all objections as to vagueness, ambiguity or undue burden; (c) all rights to object on any grounds to the user of any said responses or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other actions; and (d) all rights to object on any ground to any request for further responses to these or any other discovery requests involving or relating to the subject matter of this document request.

17. Defendants are opting to produce copies instead of permitting an inspection.

## DOCUMENTS REQUESTED

1.    Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Plaintiff's possession and/or control. Defendants further object to this request because and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence, that the terms of phrases contained therein are vague, ambiguous, or undefined, and to the extent that it fails to identify the information that is

sought with reasonable particularity. Subject to the foregoing objections, Defendants provide the following responsive documents annexed hereto as **Exhibit "A."**

2. Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Plaintiff's possession and control. Defendants further object to this request because and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence, that the terms of phrases contained therein are vague, ambiguous, or undefined, and to the extent that it fails to identify the information that is sought with reasonable particularity. Subject to the foregoing objections, Defendants provide the following responsive documents annexed hereto as **Exhibit "B."**

3. Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Plaintiff's possession and control. Defendants further object to this request because and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence, that the terms of phrases contained therein are vague, ambiguous, or undefined, and to the extent that it fails to identify the information that is sought with reasonable particularity. Subject to the foregoing objections, Defendants provide the following responsive documents annexed hereto as **Exhibit "C."**

4. Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Plaintiff's possession and control. Defendants further object to this request because and to the extent that it

seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence, that the terms of phrases contained therein are vague, ambiguous, or undefined, and to the extent that it fails to identify the information that is sought with reasonable particularity.

5.  Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Plaintiff's possession and control. Defendants further object to this request because and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence, that the terms of phrases contained therein are vague, ambiguous, or undefined, and to the extent that it fails to identify the information that is sought with reasonable particularity. Subject to the foregoing objections, Defendants provide the following responsive demands annexed hereto as **Exhibit "D."**

6.  Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Defendant's possession and/or control. Subject to the foregoing objections, Defendants provide the following responsive demands annexed hereto as **Exhibit "E"**

7.  Objection. Defendants object to this request on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Plaintiff's possession and/or control. Subject to the foregoing objection, Defendants are not in possession of any applications and information provided in connection with the Paycheck Protection Program ("PPP") and Economic Injury Disaster Loan (EIDL) and/or grants funds and the SBA.

**8.**   Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Defendant's possession and/or control. Subject to the foregoing objections, Defendants are not in any possession of any documents responsive to this request.

**9.**   Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Defendant's possession and/or control. Defendants further object to this request because and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence, that the terms of phrases contained therein are vague, ambiguous, or undefined, and to the extent that it fails to identify the information that is sought with reasonable particularity. Subject to the foregoing objections, Defendants provide the following responsive demands annexed hereto as **Exhibit "F."**

**10.**   Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Defendant's possession and/or control. Defendants further object to this request because and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence, that the terms of phrases contained therein are vague, ambiguous, or undefined, and to the extent that it fails to identify the information that is sought with reasonable particularity Defendants currently do not have documents responsive to said request.

**11.**   Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Defendant's possession

and/or control. Defendants further object to this request because and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence, that the terms of phrases contained therein are vague, ambiguous, or undefined, and to the extent that it fails to identify the information that is sought with reasonable particularity. Subject to the foregoing objections, Defendants provide the following responsive demands annexed hereto as **Exhibit "G."**

12. Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Defendant's possession and/or control. Defendants further object to this request because and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence, that the terms of phrases contained therein are vague, ambiguous, or undefined, and to the extent that it fails to identify the information that is sought with reasonable particularity. Subject to the foregoing objections, Defendants provide the following responsive demands annexed hereto as **Exhibit "C."**

13. Objection. Defendants object to this demand to the extent that it requests the production of attorney/work product or privileged documents prepared in anticipation of litigation and/or which are otherwise protected by the attorney/client privilege. This demand is further objected to on the grounds that it is overbroad because it does not specify which documents/information Plaintiff seeks that is not already in their possession. Subject to the foregoing objections, Defendants provide the following responsive demands annexed hereto as **Exhibit "H."**

14.     Objection. This demand is objected to on the grounds that it is unduly burdensome and oppressive insofar as it seeks information already in Defendant's possession and/or control. Objection. Defendants object to this demand to the extent that it requests the production of attorney/work product or privileged documents prepared in anticipation of litigation and/or which are otherwise protected by the attorney/client privilege. This demand is further objected to on the grounds that it is overbroad because it does not specify which documents/information Plaintiff seeks that is not already in their possession.

Defendants reserve the right to amend, supplement and/or change its responses herein up to and including the time of trial.

Dated:     Brooklyn, New York
           July 9, 2024

Yours Truly,

Maria Patelis, Esq.
Maria Patelis & Associates, PLLC.
Attorneys for Defendant(s)
7024 18th Avenue
Brooklyn, New York 11204
917-653-7214
m.patelis@aol.com

To:     David Kasell, Esq.
        Kasell Law Firm
        Attorney(s) for Plaintiff(s)
        1038 Jackson Avenue, #4
        Long Island City, NY 11101
        718-404-6668
        david@kaselllawfirm.com