# Kasell Law Firm

November 4, 2024

Magistrate Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 13C South
Brooklyn, New York 11201

   Re: Motion for Sanctions in *Kevin Pollack v. Jodie Gordon and Fusion Models BK LLC*, No. 23 Civ. 02376 (E.D.N.Y.) (SJB)

Judge Bulsara:

  As counsel for Plaintiff, I respectfully move for the Court to sanction Defendants under Rule 37(c), which provides in part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

  Today, Plaintiff and Defendants exchanged expert reports. Plaintiff received a two-page expert report stating that a Certified Public Accountant firm purportedly estimated the fair market value of Fusion Modeling Agency, LLC.

  Notably, the CPA firm "relied on the information provided to us by the bookkeepers (Randle Accounting and KD Numbers, LLC)." Ex. 1 at 1. However, Randle Accounting and KD Numbers, LLC were not disclosed as witnesses in the automatic disclosures received on October 17, 2024, or in the supplemental disclosures received on October 22, 2024. As the Court is aware, October 17, 2024, was the deadline imposed by the Court's Order after Plaintiff repeatedly made requests to receive the automatic disclosures as well as a motion to compel those disclosure in a case that began 18 months earlier. *See* ECF No. 38.

  Rule 26(a) states that Defendants were required to automatically disclose: "(1) the name and, if known, the address and telephone number of individuals likely to have discoverable information—along with the subjects of that information—that Defendants may use to support their defenses or counterclaims" and "(2) a description, or copies, of all documents, electronically stored information, and tangible things that Defendants have in their possession, custody, or control and may use to support their defenses or counterclaims." Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii).

1

Plaintiff has been prejudiced by the failure to disclose Randle Accounting and KD Numbers, LLC, because we have not been able to depose them or make any document demands upon them, even though we are now 25 days from the close of discovery (which was already extended by two months at Defendants' request). Given the 30-day deadline for responding to document demands, Plaintiff cannot serve either of these firms. In addition, the parties have agreed that dispositive motions should be filed on December 2, 2024.

Our expert was also not given access to the information that Defendants' experts relied upon and, thus, was unable to produce his report based on the information (which still has not been disclosed or turned over). This failure to disclose the witnesses and information also prejudices Plaintiff's ability to evaluate the report based on Rule 702 of the Federal Rules of Evidence, which requires that "the testimony [be] based on sufficient facts or data." Fed. R. Evid. 702(b).

Defendants' failure is neither substantially justified nor harmless. Plaintiff respectfully requests that the Court:

(1) Preclude the expert's testimony and report from the from being submitted on any motion, hearing or trial; and

(2) Order that Defendants produce to Plaintiff whatever information was provided by Randle Accounting and KD Numbers, LLC, to the expert.

Respectfully,

*/s/ David Kasell*
*Attorney for Plaintiff Kevin Pollack*

Exhibit 1

A. F. Paredes & Co.  
Certified Public Accountants, LLP

250 Stelton Road • Suite 8  
Piscataway, NJ 08854  
Tel: (732) 752-9530  
Fax: (732) 752-7954

99 John Street • Suite 408  
New York, NY 10038  
Tel: (212) 285-1725  
Fax: (212) 285-1759

website: paredescpa.com

November 3, 2024

Maria Patelis, Esq.
Maria Patelis & Associates, PLLC
7024 18th Avenue
Brooklyn, New York 11204

Dear Ms. Patelis:

At your request, you engaged us to perform a business valuation of Fusion Modeling Agency, LLC (EIN 01-0879314) as of the beginning of January 2021 which is the month and year that a petition for dissolution of the above-mentioned company was filed. For the purposes of business valuation, fair market value is defined as the expected price at which the subject business would change hands between a willing buyer and a willing seller, neither being under a compulsion to conclude the transaction and both having full knowledge of all the relevant facts.

Based on the information provided to our firm which are contained in the Interrogatory Report dated August 30, 2024, we estimate that the fair market value of Fusion Modeling Agency, LLC as of the beginning of January 2021 to be approximately $288,853.

To arrive at the estimated business valuation of $288,853, we used the Discounted Cash Flow model which is a widely accepted business valuation model for companies with negative earnings. Discounted cash flow essentially attempts to estimate the current value of a company by projecting its future free cash flows and discounting them to the present with the industry weighted average cost of capital (WACC).

We used the financial statements contained in the above-mentioned Interrogatory Report which contains the Income Statement and Balance Sheet for the full year 2015 to 2020. The Interrogatory Report also contains the IRS Form 1065 (U.S. Return of Partnership Income) for the same period. In addition to the Financial Statements and the IRS Form 1065, we also relied on the information provided to us by the bookkeepers (Randle Accounting and KD Numbers, LLC).

Please note that the financial statements in the Interrogatory Report are unaudited. We accepted the financial statements and IRS Form 1065 without testing their accuracy. The accuracy of the financial statements is the sole responsibility of the management of Fusion Modeling Agency, LLC.

Respectfully,

*Carlos A. Cadavillo*

Carlos A. Cadavillo, CPA, MBA
Partner