UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KEVIN POLLACK,

                Plaintiff,

                                            Case.:23 Civ. 2376 (SJB) (LKE)

   -against-

                                            **AFFIRMATION IN SUPPORT**
                                            **MEMORANDUM OF LAW**

JODIE LOUISE GORDON (also known as
JODY GORDON) and FUSION MODELS
BK LLC,

                Defendants.
------------------------------------------------------------------------X

TO:    Plaintiff Kevin Pollack, by and through his counsel of record, David Kasell, Esq., Kasell Law Firm, 1038 Jackson Avenue, #4, Long Island City, NY 11101; and Brian Lehman, Of counsel; Pro Hac Vice, Kasell Law Firm, 1038 Jackson Avenue, #4, Long Island City, NY 11101;

        **PLEASE TAKE NOTICE,** that upon the Affirmation in Support and Declaration of Maria Patelis, Esq. of Maria Patelis & Associates, PLLC. dated February 10, 2025, the undersigned will move this Court, before the Honorable Lara K. Eschkenazi, at the United States District Court for the Eastern District of New York, located at 225 Cadman Plaza East, Brooklyn, New York 11201, for an Order compelling Plaintiff, Kevin Pollack to appear for an in-person deposition.

        **RELIEF REQUESTED:**    Pursuant to Federal Rule of Civil Procedure 37(a), Defendants respectfully move this Court for an Order compelling Plaintiff, Kevin Pollack, to appear for an in-person deposition at Maria Patelis & Associates, PLLC., located at 7024 18th Avenue, Brooklyn, New York 11204 on February 17, 2025 at 11:00 a.m. or a date chosen by the parties, or at a time and place the Court deems just and proper.

        **BACKGROUND:**

        1.   On or about October 23, 2024, Defendants served a Subpoena to Testify at a

Deposition in a Civil Action for the deposition of Plaintiff, Kevin Pollack pursuant to Federal Rule of Civil Procedure 30.

2. The deposition was initially noticed to take place inadvertently by video on November 26, 2024. The Notice also called for the Plaintiff to produce the following documents: Response to Defendants' First Request for the Production of Documents. A copy of said Notice is annexed hereto as **Exhibit "A."**

3. At the time the Plaintiff was noticed, Defendants' were not in receipt of Responses to Defendants' Demands and the deposition did not take place on November 26, 2024. Further, after a series of Motions for Sanctions filed by Plaintiff, that were denied by the Court, the parties were directed by the Honorable Sanket J. Bulsara to appear for a status conference on November 19, 2024. Further the parties were engaged in mediation.

4. A status conference was held prior on November 19, 2024 before the Honorable Sanket J.Bulsara. Thereafter, the discovery deadlines were extended as follows: all fact discovery shall be completed by January 31, 2025 and all expert discovery shall be completed by March 28, 2025. David Kasell, counsel for the Plaintiff, appeared at the conference and was asked to provide three dates in January 2025 to Defendants' counsel. After many emails to Plaintiff's counsel by Affiant, Plaintiff responded on January 29, 2025 with dates for Plaintiff to be deposed remotely.

5. The in-person deposition is necessary due to the following; Plaintiff responded to Defendants' Demands on or about November 18, 2024, the night before the status conference took place on November 19, 2024. The Plaintiff provided Plaintiff's Responses to Defendants Interrogatories and Plaintiff's Responses to Defendants' Request for Admissions both erroneously dated November 19, 2022. Plaintiff did not respond to Defendants Request for Documents but did

provide approximately Two Thousand documents in their Initial Disclosures. There were issues with respect to the downloading of the documents and the parties did comply meet and conferred on or about October 3, 2024 pursuant to Local Rule 37.3 and Federal Rules of Civil Procedure 37(a)(1) regarding the downloading of the documents.

6. The Defendant, Jody Gordon, was deposed on October 8, 2024. Although the Plaintiff's Subpoena called for the video deposition of the Defendants, Jody Gordon appeared in person on October 8, 2024 at the request of Plaintiff at the Kasell Law Firm located at 1038 Jackson Avenue, Suite #4, Long Island City, New York 11101. A professional courtesy was extended to Plaintiff's counsel, and the Defendant was produced in person. Despite, many requests for a date to depose Plaintiff and for it to be in person, Plaintiff is unwilling to do the same and Defendants are moving for an Order to Compel the in-person deposition of Kevin Pollack. (To date, defendants are not in receipt of Jody Gordon's deposition transcript despite many requests, however counsel for Plaintiff will stipulate to that the same will be produced). A copy of the Plaintiff's Notice for the deposition of Defendants along with the email correspondence are annexed hereto as **Exhibit "B."** Copies of email exchanges requesting dates for depositions and Plaintiffs inability to be deposed in person are annexed hereto as **Exhibit "C."**

7. The parties have met and conferred on the issue of the Plaintiff being deposed in person because of the document production and of a recording provided by Plaintiff. Defendants have been notified that the Plaintiff is not willing to be deposed in New York, because he is "out of the country" and/or he resides in Florida. Prior to the filing of this instant motion, the Plaintiff's counsel confirmed that the Plaintiff is unwilling to be deposed in New York.

8. First and foremost, by initiating litigation in the Eastern District of New York, the

Plaintiff has subjected himself to the jurisdiction of this Court and its procedural rules, including appearing for depositions within the District. Counsel for the Plaintiff has also suggested that I fly out to Florida to depose the Defendant. This Court has consistently held that a Plaintiff cannot use litigation in a particular forum to their advantage and then attempt to avoid the burdens in participating in discovery there. *See Fed. R. Civ, P. 30(a) & (b).* To reiterate, the Courts have enunciated the policy of requiring a non-resident plaintiff who chooses this district as his forum to appear for deposition in this forum absent compelling circumstances. *See 8 Wright & Miller, Federal Practice and Procedure § 2112, (1970).* The general rule is that a "plaintiff, having selected the forum in which the suit is brought, will be required to make himself or herself available for examination there." See Estate of Geramsimenko v. Cape Wind Trading Co*., 272 F.R.D. 385, 387 (S.D.N.Y. 2011).*

9. Under Fed. R. Civ. P. 30(b)(1), the noticing party has discretion to select the deposition location, subject to court intervention only if there is a compelling reason. It is the plaintiff's burden of demonstrating undue burden or hardship mere inconvenience or preference for remote testimony is insufficient. Herein, Plaintiff has not provided any reason as to why he cannot be present in New York for his deposition. Courts in the Second Circuit have held that in-person depositions are particularly necessary where credibility determinations are a key issue, where the witness's testimony is highly significant, or where remote technology presents limitations. Further, Plaintiff, Kevin Pollack is a key witness in this action and his testimony is presumably critical.

10. District courts have continued to recognize that there is nothing extraordinarily inappropriate about seeking to take a deposition in person, particularly for a key witness which is the Plaintiff in this action. See Charr v. King*, No. 21 Civ., 616654, 2023 WL 9792732, at \*2(S.D.*

*Fla. Nov. 3, 2023)* (Remote depositions preclude in-person confrontation and the assessment of a deponent's demeanor, affect, non-verbal responses and facial expressions.) Herein, Plaintiff's deposition testimony is presumably critical, and value of accurately assessing Plaintiff's credibility is heightened." *See Pruco Life Ins. Co. v. California Energey Dev. Inc.,* No. 18 Viv. 2280, 2021. There is an exceedingly high level of distrust among all the parties, as evidenced by the Complaint and the pleadings and documents in this case. The credibility of the parties is also a key substantive issue in this case.

11. The burden is on the Plaintiff to show good cause for resisting an in-person deposition. Herein, other than Plaintiff lives in Florida and is out of the country (without providing dates), and Plaintiff's delay in providing dates to be deposed, despite being contacted on multiple occasions, that cannot be denied, Plaintiff has failed to provide any substantive basis for avoiding an in-person deposition beyond vague concerns about convenience. Courts have routinely rejected such general arguments, recognizing that mere preference for remote testimony does not outweigh the benefits of in-person examination.

12. The parties have met and conferred in good faith before seeking the Court's intervention. The in-person deposition is critical in this case because: 1) the sheer volume of documents makes remote review impractical, 2) the presentation and authentication of documents requires physical handling; 3) remote depositions increase the risk of coaching and distraction 4) the defendants would be prejudiced by the inefficiencies and delays inherent in remote proceedings.

13. The plaintiff chose to file suit in New York, and absent extraordinary circumstances Plaintiff must submit to an in-person deposition in the jurisdiction where they sued. Their refusal disrupts discovery and is inconsistent with the laws of this Court. Therefore, for the foregoing

reasons set forth above, the Court should compel them to appear in person in the Eastern District of New York.

WHEREFORE, the Affirmant respectfully requests that this Court issue an Order granting Defendants' Notice of Motion in its entirety and for such other further and different relief as this Court deems just and proper and declare under the penalty of perjury that the foregoing is true and correct.

Dated: Brooklyn, New York
       February 10, 2025

_____
MARIA PATELIS, ESQ.
Maria Patelis & Associates, PLLC.
*Attorney for Defendants*
7024 18th Avenue
Brooklyn, NY 11204
917-653-7214
m.patelis@aol.com

To:    David Kasell, Esq.
       Brian Lehman, Esq.
       Pro Hac Vice
       Of Counsel
       Kasell Law Firm
       Attorneys for Plaintiff
       1038 Jackson Avenue, Ste #4
       Long Island City, NY 11101
       718-404-6668
       929-340-1543
       Brianleman97@gmail.com
       david@kaselllawfirm.com