UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEVIN POLLACK,

                           *Plaintiff,*

—against—

JODIE LOUISE GORDON (also known as
JODY GORDON) and FUSION MODELS BK LLC,

                           *Defendants.*

23 Civ. 2376 (SJB)(LKE)

---

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL IN-PERSON DEPOSITION**

Plaintiff Kevin Pollack respectfully submits this memorandum of law, along with his affirmation under penalty of perjury ("Pl. Aff.") and declaration of David Kasell, Esq. ("Kasell Decl.") in opposition to Defendants' motion to compel an in-person deposition after Defendants repeatedly had agreed to and scheduled a remote video deposition.

## FACTUAL BACKGROUND

Plaintiff is a citizen of Florida, domiciled there, but currently residing in Europe due to a private medical matter involving his significant other and business obligations (Pl. Aff. ¶¶ 2–4).[1] Although Florida is his intended place of return, and thus he remains a citizen of that State as he was when his Complaint was filed two years ago, he has no immediate plans to travel back to the United States because he must remain abroad to provide support for at least several months (Pl. Aff. ¶ 3–4). Plaintiff scheduled his significant other's medical procedure in September 2024 based on the understanding that discovery was to conclude in November 2024 (Pl. Aff. ¶ 5).

Despite his location, Plaintiff has been actively engaged in discovery. He produced nearly 3,500 pages of relevant documents in July 2024 pursuant to Rule 26(a) of the Federal Rules of Civil Procedure (Pl. Aff. ¶¶ 16–17). He responded in full to all outstanding discovery demands by November 18, 2024 (Pl. Aff. ¶ 18), and participated in lengthy settlement discussions that concluded on November 20, 2024 (Pl. Aff. ¶ 19). Defendant have never raised any concerns about his document production or responses to their discovery demands in the two years this case has been pending.

More importantly, Defendant repeatedly agreed to take a remote video deposition (Pl. Aff.

---

[1] Pl. Aff. ¶ __ refers to paragraph __ of the Affirmation by Kevin Pollack submitted in opposition to Defendants' motion to compel. Plaintiff can testify remotely at the hearing scheduled for March 6, 2025 at 2:00 p.m. in Courtroom N322 but respectfully requests one-week notice if possible. Regardless, Plaintiff is willing to change his schedule to testify remotely whenever notice the Court provides such notice.

1

¶¶ 15–16; Ex. A to Kasell Decl.). Defendant's counsel initially offered three October 2024 dates (October 22, 24, and 29) for a deposition, and Plaintiff selected October 24, 2024, with the explicit agreement that it would be conducted via video (Pl. Aff. ¶¶ 9–10). After Defendant's unilateral cancellation without explanation (Pl. Aff. ¶ 10), the parties rescheduled for November 26, 2024, and again agreed upon a remote deposition (Pl. Aff. ¶¶ 11, 12, 13). Defendants' counsel noticed a subpoena for that date.

Defendant's counsel then canceled the November 26 deposition and began insisting on an in-person deposition in New York (Pl. Aff. ¶ 21). This abrupt change followed failed settlement discussions and, regardless of intent, has had the obvious effect of creating additional burden and delay (Pl. Aff. ¶ 20).

Defendant has never served a subpoena designating an in-person deposition. Had Defendants serve a second subpoena, Plaintiff would have moved to quash it so that this issue might be resolved months ago (Pl. Aff. ¶ 28). Finally, Plaintiff remains open to discussing a potential in-person examination should substantial grounds arise after a video deposition (Pl. Aff. ¶ 27), but he respectfully requests that the Court order his deposition to proceed remotely (Pl. Aff. ¶ 29).

## **ARGUMENT**

Under Rule 30(b)(4) of the Federal Rules of Civil Procedure, depositions may be taken by telephone or other remote means. "Since Rule 30(b)(4) does not specify the standards to be considered in determining whether to grant a request [for a remote] deposition . . . the decision to grant or deny such an application is left to the discretion of the Court." *In re Terrorist Attacks on Sept. 11, 2001*, 337 F.R.D. 575, 578 (S.D.N.Y. 2020) (cleaned up); *see also FloodBreak LLC v. T. Moriarty & Son, Inc.*, No. 23 Civ. 6185 (E.D.N.Y. Oct. 23, 2024) (Marutollo, *J.*).

2

Courts must "balance claims of prejudice and those of hardship … and conduct a careful weighing of the relevant facts." *In re Terrorist Attacks on Sept. 11, 2001*, 337 F.R.D. at 578. Additionally, this Court's Local Rules create a presumption in favor of a remote deposition: "[t]he motion of a party to take the deposition of an adverse party by telephone or other remote means will presumptively be granted." Local Civ. R. 30.2 (S.D.N.Y. & E.D.N.Y.); *see also Stephens v. 1199 SEIU*, 2011 WL 2940490, at *1 (E.D.N.Y. 2011) (collecting cases).

Defendants' suggestion that an in-person are "particularly necessary" is unpersuasive. Courts in this Circuit recognize that "[d]eposition by video allows the party 'to view [the witness's] demeanor during questioning.'" *In re Terrorist Attacks*, 337 F.R.D. at 578 (citation omitted). As one court has put it, "If the lack of being physically present with the witness were enough prejudice to defeat the holding of a remote deposition, then Rule 30(b)(4) would be rendered meaningless." *Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 576 (S.D.N.Y. 2020). Ultimately, "the purpose of a deposition is to gather information and commit a witness's testimony. The product of the deposition is the transcript and video footage, which will be unaffected whether the deposition is conducted remotely or in person." *In re Terrorist Attacks*, 337 F.R.D. at 579.

In addition, Plaintiff is a U.S. citizen domiciled in Florida, but he is currently residing in Europe to provide support for his significant other's private medical procedure and to manage business obligations. (Pl. Aff. ¶¶ 2–4.) Plaintiff has no immediate plans to travel to the United States because of these ongoing responsibilities; at the earliest, he must remain abroad for several more months and has not current intent to return immediately to Florida. (Pl. Aff. ¶¶ 3–4.) An in-person deposition in New York would therefore impose an undue burden—Plaintiff would need to disrupt critical medical care, incur substantial travel expenses, and then ultimately return to Florida, not New York. (Pl. Aff. ¶¶ 7–8.) Furthermore, under Rule 30(b)(4), courts routinely

3

consider such practical hardships as compelling reasons to grant remote depositions. *See RP Family, Inc. v. Commonwealth Land Title Ins. Co.*, No. 10 Civ. 1149 (DLI) (CLP), 2011 WL 6020154, at *3 (E.D.N.Y. Nov. 30, 2011).

Significantly, Defendants have already agreed—on multiple occasions—to conduct a remote deposition. (Pl. Aff. ¶¶ 9–10, 11–13, 15–16; see also Ex. at attached to Kasell Decl. ) They first offered three potential dates in October 2024 for a video deposition, and Plaintiff selected October 24, 2024. (Pl. Aff. ¶¶ 9–10.) Defendants then canceled unilaterally without explanation. (Pl. Aff. ¶ 10.) Afterward, the parties rescheduled for November 26, 2024, once again agreeing to a remote format, until Defendants canceled again and suddenly insisted on an in-person deposition in New York. (Pl. Aff. ¶¶ 11–13, 21.) This abrupt reversal came on the heels of failed settlement talks and may be calculated to create additional burden and delay rather than address any actual need for in-person examination. (Pl. Aff. ¶ 20.)  The fact is that Defendants have given no reason for taking back her agreement to conduct a remote video deposition when she stated on October 10, 2024:  "I have no objections to deposing your client by Video, let me know when you are both available. Thank you." Ex. A to Kasell Dec.[2]

Moreover, Defendants never served a subpoena designating an in-person deposition. (Pl. Aff. ¶ 28.) Had they done so, Plaintiff would have promptly moved to quash, allowing the Court to resolve the issue months ago. (Pl. Aff. ¶ 28.) The timing of Defendants' about-face only underscores the lack of real prejudice in conducting the deposition remotely. *See In re Terrorist Attacks*, 337 F.R.D. at 579 (finding remote format did not hamper the ability to question or observe the witness).

---

[2] The undersigned counsel put highlighter yellow on the relevant text of Ex. A so that the Court might find it easier, but the emails otherwise are unaltered.

4

Finally, Defendants purport concern that a video deposition would prevent it from using the necessary documents (that they have had since July 2024) to examine Plaintiff is without merit. "[C]ourts have found that exhibits can be managed in remote depositions by sending Bates-stamped exhibits to deponents prior to the depositions or using videoconference technology to share documents and images quickly and conveniently." *Rouviere*, 471 F. Supp. at 575 (citation omitted); *see also United States for Use & Benefit of Chen v. K.O.O. Constr., Inc.*, 445 F. Supp. 3d 1055, 1057 (S.D. Cal. 2020) (collecting cases).

Rule 30(b)(4) is designed precisely for situations like this—where personal circumstances, expense, and efficiency strongly favor a deposition by video. Local Civil Rule 30.2 creates a "presumption" that such motions will be granted. Courts in this Circuit have repeatedly recognized there is no absolute right to insist on physical presence of a deponent, particularly where doing so would impose meaningful burdens. *See Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 398 (S.D.N.Y. 2006) ("Authorization to take telephonic or virtual depositions does not depend upon the hardship incurred by the applicant."); *Tangtiwatanapaibul v. Tom & Toon Inc.*, No. 17-CV-816 (LGS) (KHP), 2017 WL 10456190, at *3 (S.D.N.Y. Nov. 22, 2017) ("remote depositions are a presumably valid means of discovery").

## **CONCLUSION**

Balancing the lack of any cognizable prejudice to Defendants against the very real hardship to Plaintiff, the Court should exercise its discretion under Federal Rule of Civil Procedure 30(b)(4) and Local Civil Rule 30.2 to permit Plaintiff's deposition to proceed remotely. Plaintiff has acted in good faith, Defendants initially agreed to a video deposition multiple times, and courts in this Circuit routinely uphold remote depositions as an effective and practical means of discovery. For

all these reasons, Plaintiff respectfully requests that the Court grant his application to be deposed by video.

Dated: February 17, 2025
Brooklyn, New York

/s/ *Brian Lehman*

Brian Lehman, Esq.
David Kasell, Esq.
**Kasell Law Firm**
1038 Jackson Avenue, Suite #4
Long Island City, NY 11101
(718) 404-6668
*Attorneys for Plaintiff*
