

# Maria Patelis, Esq.

7024 18th Avenue, Brooklyn, New York 11204
9732 3rd Avenue, Brooklyn, New York 11209

mariapatelisattorneyatlaw.com
m.patelis@aol.com
917-653-721

October 2, 2025

Via CM/ECF
Honorable Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East Chambers 304N
Courtroom 13C
Brooklyn, New York 11201

      Re:    Pollack v. Gordon et al.
                 23 Civ. 02376

Dear Honorable Sanket J. Bulsara:

      Defendants respectfully submit this opposition to Plaintiff's motion to strike Exhibit D to Defendants' Local Rule 56.1 Statement, served on September 29, 2025.

      Plaintiff's motion should be denied for three independent reasons: **(1)** it lacks any legal or precedential basis; **(2)** Exhibit D is both relevant and material to the issues before the Court; and **(3)** Defendants have complied in full with all applicable rules and procedures.

      First, there is no authority supporting Plaintiff's position that an exhibit may be stricken solely on the basis of its length or volume. The Federal Rules of Civil Procedure and this Court's Local Rules impose no such limitation. To the contrary, parties are entitled to submit exhibits that provide a complete and accurate record, particularly where, as here, the material directly bears on the claims and defenses at issue. Plaintiff's motion disregards substance in favor of form, seeking to exclude critical evidence not because it is improper, but because it is substantial.

      Plaintiff also misapply case law by improperly relying on <u>Holtz v. Rockefeller & Co., Inc.</u>, 258 F.3d 62 (2d Cir. 2001). The Federal Rules of Civil Procedure require that each assertion in a Rule 56.1 Statement be supported by admissible evidence in the record, in order to "streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz*, 258 F.3d at 74. This standard does not require that the supporting evidence be brief or concise; rather, it requires that the evidence be targeted and directly related to the claims at issue, grounding each assertion in fact. Here, Exhibit D directly corresponds to the asserted facts, and its volume is irrelevant to its admissibility or relevance.

      Second, Exhibit D is highly relevant and probative. It demonstrates that Defendant did not breach her fiduciary duties and provides a comprehensive presentation of Fusion's financial records. The Exhibit presents material facts in an undisputed manner and goes directly to the core

of Plaintiff's claims. Plaintiff's attempt to strike it appears to be a tactical effort to avoid addressing the merits, as the contents of Exhibit D undermine their position.

Third, Defendants have complied with all applicable procedural requirements, including service deadlines and courtesy copy obligations. Whether Exhibit D comprises a significant number of pages or boxes is irrelevant. Defendants remain committed to providing courtesy copies in compliance with this Court's practices. The size of the exhibit alone provides no basis for striking it.

Allowing Plaintiff to strike an exhibit merely because of its volume would set a troubling precedent, one that would unfairly limit litigants' ability to present complete evidence in support of their case. The Court should decline to endorse such a result. Further, the case law cited is not even

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion to strike Exhibit D in its entirety.

Respectfully submitted,

Maria Patelis

cc: Brian Lehman, Esq. & Kevin Pollack, Esq. via ECF