UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KEVIN POLLACK,

                           Plaintiff,

                                                        Case.:23 Civ. 2376 (SJB) (LKE)

      -against-

JODIE LOUISE GORDON (also known as
JODY GORDON) and FUSION MODELS
BK LLC,

                          Defendants.
------------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR <u>SUMMARY JUDGEMENT</u>**

Defendants Jodie Louise Gordon (also known as Jody Gordon) ("Gordon") and Fusion Models BK LLC ("Fusion BK") respectfully submit this memorandum of law in support of their motion for summary judgment.

## PRELIMINARY STATEMENT

### 1. APPLICABLE LEGAL STANDARDS

Plaintiff's claims of breach of contract, tortious interference with contract, breach of fiduciary duty, inducement of breach of fiduciary duty, breach fiduciary duty against Gordon, inducement of breach of fiduciary duty against Fusion BK, violation of NY LLC Company Law Section 1102(B) and Operating Agreement and Demand of Equitable Accounting and award of legal fees as stated in their Complaint should be dismissed as a matter of law for the straightforward reason that there are no damages. The fully developed fact and expert record affirmatively refute the conclusory allegations of the complaint to which Plaintiff clings. There is no genuine dispute as to the facts; and the there are no damages. The absence of any of these elements is fatal to Plaintiff's claims. A separate motion to exclude the Plaintiff's expert is simultaneously being served. Without Plaintiff's Expert testimony, their Complaint must be dismissed and Defendants Motion for Summary Judgment must be granted in its entirety.

### A. Summary Judgment

At summary judgment, the preliminary inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 251-52 (1986). "Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together the affidavits, if any, how there is no genuine issue

as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. Catrett, 477 U.S. 317, 322 (1986) (citing Fed R. Civ. P. 56(c)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment the requirement is there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48; Fletcher v. Atex, Inc., 68 F. 3d 1451, 1456 (2d Cir. 1995) (same).

In addition, questions of subject matter jurisdiction and abstention are threshold issues which this Court may decide at any stage of the case.  Friedman v. Revenue Management of New York, Inc. 38 F.3rd 668 (2d Cir. 1994)

### B. Elements of Plaintiff's Claims

**Fusion Modeling Agency LLC** (Fusion) is not a party to this action because it was **judicially dissolved on April 30, 2021** by the Honorable Reginald A. Boddie under Jody Gordon v. Fusion Modeling Agency, LLC., bearing Index No.: 500709/2021.  Gordon filed a petition in Kings County Supreme Court to dissolve the Fusion because Pollack was not cooperating with running the LLC.

Gordon's petition was granted, and a copy of the Decision and Order is annexed hereto as Exhibit 1. The Order states that under Limited Liability Company Law § 702, judicial dissolution of an LLC is available "whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement." To prevail, a petitioner must establish, in the context of the terms of the operating agreement or articles of organization, that (1) management of the entity is unable or unwilling to reasonably permit or promote the stated

purposes of the entity to be realized or achieved, or (2) continuing the entity is financially unfeasible Matter of 1545 Ocean Avenue, LLC, 72 A.D.3d 121, 131 [2d Dept 2010]).

In the Kings County Supreme Court action, petitioner Gordon established grounds for judicial dissolution. The Court granted dissolution because Gordon's business relationship with Kevin Pollack had become irreconcilable, based on Pollack's refusal to consent to overdraft protection—which the bank would not issue without Pollack's consent—or to co-sign on a loan. Pollack never filed any motion to reargue or vacate the dissolution Order of the Kings County Supreme Court, nor did he appeal the decision to the Second Department.

In a special proceeding such as Gordon's petition for judicial dissolution, "the court shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised" (CPLR 409[b]). Unlike a complaint in a plenary action, a petition in a special proceeding must be accompanied by competent evidence Matter of Trustco Bank, N.A. v. Strong, 261 A.D.2d 25, 699 N.Y.S.2d 805 (3d Dept 1999). Gordon submitted competent evidence establishing entitlement to dissolution, and the Court accordingly granted judicial dissolution.

Plaintiff fails to state in his Complaint that on or about February 2022, Pollack had filed another case identical to this against Defendant Gordon with the American Arbitration Association, International Centre for Dispute Resolution under Kevin Pollack v. Jodie Gordon, Case No.01-22-0001-5367.  On April 28, 2024 a conference held with Jeffrey T. Zaino, Esq., Vice President, of the American Arbitration Association, counselors for Pollack who also represent them on this present case.  I was included on the call, and we discussed that Fusion Modeling Agency LLC was dissolved in Kings County Supreme Court.

Pollack in the arbitration matter who was notified of the Supreme Court matter in 2022 failed to avail himself of his remedies at law regarding the Supreme Court Order of Dissolution proceeded with the Arbitration matter that was ultimately administratively closed due to non-payment of parties. The cost of arbitration for a three panel arbitrator panel would cost the parties approximately $34,000.00 each.

The parties Pollack and Gordon along with Charles Hall, Benjamin P. Chui, Nathan Ankey and Paragon Group, Inc. entered into an Operating Agreement of Fusion Modeling Agency LLC on December 7, 2006. A copy of the Operating Agreement is attached to Plaintiff's Complaint under (DE No. 1). During fact discovery the Plaintiff failed to depose any of the other members except for Jody Gordon. Gordon's deposition lasted less than two hours, and two phone calls were made to chambers within ten minutes relating to my objections to the counselor's line of questioning. A copy of the deposition transcript of Jody Gordon. Exhibit 2.

Plaintiff, Pollack, instead of filing an appeal of the Kings County Supreme Court Order that granted Fusions Modeling Agency LLC. judicial dissolution commenced this instant action on March 28, 2023, nearly a year after the Arbitration by way of complaint against Jodie Louise Gordon (also known as Jody Gordon), and Fusion Models BK LLC. (DE No. 1) Pollack was 35.222% owner of Fusion Modeling Agency LLC. The complaint alleges five causes of action against Defendants for (1) breach of contract, (2) tortious interference with contract (3) breach of fiduciary duty, (4) inducement of breach of fiduciary duty, and (5) Violation of NY LLC Company Law 1120(B) and Operating Agreement. (DE No.1). This was filed after the dissolution of Fusion Modeling Agency, LLC.

On May 16 2023, the Defendants filed an Answer with counterclaims for breach of fiduciary duty and seeking legal fees. (DE No. 12). Pollack admits in ¶ 22 of the Complaint that Pollack had knowledge of the dissolution on April 28, 2022.

C.  **The Court Should Abstain from Exercising Jurisdiction**

Plaintiff's claims are an impermissible collateral attack of the Kings County Supreme Court judicial dissolution proceeding. Under the forum non conveniens doctrine, a federal court may decline to hear a dispute in favor of the matter being heard in a more appropriate forum with more ties to the subject matter, Piper Aircraft Co., v. Reyno, 454 U.S. at 23, 102 S.Ct. 252 (1981). The denial of a federal forum is warranted when it would serve an important countervailing interest, Colorado River Water Conservation Dist. v. United States, 4242 U.S. 800, 816-8 (1976). The Supreme Court has held that federal courts should refrain from hearing cases that are duplicative of pending state proceedings. Louisiana Power & Light Co. v. Thibodaux, 360 U.S. 25, 79 S, Ct 1070 (1959).

Plaintiff's complaint concerns a failed business venture that was dissolved by the Kings County Supreme Court. This dispute is only in federal court because of diversity of citizenship between the parties, but otherwise this Court lacks subject matter jurisdiction over this matter that was decided in Kings County Supreme Court.

In addition, questions of subject matter jurisdiction and abstention are threshold issues which this Court may decide at any stage of the case. Friedman v. Revenue Mgmt. of N.Y., Inc., 38 F.3d 668, 670–71 (2d Cir. 1994).

In Friedman v. Revenue Mgmt. of N.Y., Inc., 38 F.3d 668 (2d Cir. 1994), the Second Circuit held that federal courts should abstain from adjudicating dissolution claims under New

York law, recognizing the state's strong interest in maintaining uniformity and expertise in corporate dissolution matters. See, Feiwus v. Genpar, Inc., 43 F. Supp. 2d 289, 296–97 (E.D.N.Y. 1999) (dismissing dissolution claims under Burford).

Here, Plaintiff's claims are inextricably bound with the dissolution and winding up of the LLC matters squarely within the province of Kings County Supreme Court. Accordingly, this Court should abstain.

Even where abstention is not mandated, federal courts may decline jurisdiction when there is a parallel state proceeding under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). Courts consider factors including (1) the order in which jurisdiction was obtained, (2) the convenience of the forums, (3) the risk of piecemeal litigation, and (4) whether the state forum adequately protects the parties' rights.

Each factor favors abstention here. The Kings County dissolution action was filed first and remains ongoing; Kings Supreme is more than adequate to protect Plaintiff's rights and proceeding in federal court would create duplicative and inconsistent rulings. Even if jurisdiction exists, Plaintiff's claims fail as a matter of law. The Plaintiff lacks standing, once dissolution is order, claims concerning the LLC belong to the LLC in winding up, not to individual members. Discovery revealed no evidence supporting Plaintiff's allegations of fiduciary breach. The fact discovery shows that Gordon provided all financial information that no misappropriation occurred. According to the report, the plaintiff's expert reviewed all of the financial documents supplied by the defendants.

### D. Plaintiff's Breach of Contract Fails (First Claim)

Plaintiff's first claim for breach of contract claim fails. To make out a viable claim for breach of contract you need to allege (1) the existence of an agreement (2) adequate performance of the contract by the plaintiff, (3) Breach of contract by the defendant and (4) damages. <u>Eternal Global Master Fund, Ltd. V. Morgan Guaranty Trust Co. of N.Y</u>, 375 F.3d 168, 177 (2d Cir. 2004. Plaintiff alleges Gordon breached the Operating Agreement by failing to liquidate Fusion's assets upon dissolution. The claim fails as a matter of law.

Article VIII governs dissolution and winding up. Section 8.2 provides:

> Upon the occurrence of any event specified in Section 8.1, the Managing Members will take full account of the Company's liabilities and assets, and the Company's assets will be liquidated as promptly as is consistent with obtaining the fair value thereof. The proceeds from the liquidation of the Company's assets will be applied and distributed in the following order: (i) first, to the payment and discharge of all of the Company's debts and liabilities …; (ii) the balance, to the Members in accordance with the percentage of Units owned by each Member."

Nothing in § 8.2 requires immediate liquidation or prohibits transfer of assets in the ordinary course. Gordon acted in compliance with the judicial order of dissolution, and Plaintiff cannot prove a contractual breach and has no damages. A Motion to Exclude Plaintiff's Expert (Daubert Motion is filed simultaneously with this instant motion for summary judgment. Damages rely solely on an excluded expert.

The undisputed record shows Fusion was judicially dissolved by the Kings County Supreme Court (May 3, 2021). Once dissolution was decreed, Gordon acted in accordance with her authority.

No contractual obligation required liquidation in the precise manner Plaintiff suggests moreover, Plaintiff received notice of dissolution via counsel in 2022 and cannot show damages.

Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996) requires proof of breach and damages, whereby both are absent here.

### E. Plaintiff's Tortious Interference with Contract (Second Claim)

Plaintiff alleges Fusion Models BK LLC induced Gordon to breach the Operating Agreement. Plaintiff does not realize that Jody Gordon is the sole member of Fusion Models BK. Defendant under New York law, it is established that a party cannot tortiously interfere with its own contract which is the operating agreement. This principle is supported by multiple cases, including Cortes v. Twenty-First Century Fox America, Inc., which explicitly states that defendants cannot, as a matter of law, tortiously interfere with their own contract (Cortes v. Twenty–First Century Fox America, Inc., 285 F.Supp.3d 629 (2018))[1]. Similarly, in CoraMed USA, LLC v. Alexion Pharmaceuticals, Inc., the court reaffirmed that defendants cannot tortiously interfere with their own contract under New York law (CoraMed USA, LLC v. Alexion Pharmaceuticals, Inc., 695 F.Supp.3d 251 (2023))[2]. These rulings make it clear that the tort of interference is predicated on actions by a third party, not by a party to the contract itself.

Defendants cannot tortiously interfere with their own contract. Courts require that the alleged tortfeasor be a third-party stranger to the contract. Everlast World's Boxing Headquarters Corp. v. Ringsode, Inc., 928 F. Supp. 2d 735 (. Gordon, as a member, was not a stranger to Fusion BK is Gordon's company. The claim fails as a matter of law.

### F. Plaintiffs Breach of Fiduciary Duty against Gordon (Third Claim)

In order to establish breach of fiduciary duty, a plaintiff must prove the existence of a breach of fiduciary relationship, misconduct by the defendant, and damages that were directly

cause by the defendant's misconduct. Kurtzman v. Bergstol, 40 A.D.3d 588, 590 835 N.Y.S.2d 644 (2nd Dep't 2007). Gordon, was forced to file for Judicial Dissolution of Fusion Modeling because Plaintiff was preventing Gordon from managing fusion, he would not co-sign on loans, would not co-sign for the new office lease when Fusion had to move to Brooklyn from Manhattan. That was the reason Gordon filed for dissolution because is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement. In order Plaintiff contends Gordon engaged in theft, self-dealing and misappropriation. But the Operating Agreement expressly authorizes Gordon's management authority and compensation.

Section 5.1 states:

"The business and affairs of the Company shall be managed by the Managing Members, who shall have full and complete authority, power and discretion to manage and control the business, affairs and properties of the Company …." (Ex. A § 5.1).

Section 5.3.2 provides:

"The Managing Members may receive compensation for services rendered to the Company, as determined in good faith." (Ex. A § 5.3.2).

Thus, Gordon's management and compensation decisions were contractually authorized by the Operating Agreement. Plaintiff cannot transform authorized conduct into a fiduciary breach. Further, even if duties existed, Plaintiff presents no admissible evidence of self-dealing, bad faith, or personal profit at Fusion Modeling LLC expense.

Since fiduciary duties are owed both to an LLC and its members, a court must apply a "direct injury test" to discern whether a breach of these duties gives rise to a claim that may be asserted directly by the LLC member, or that may be asserted on behalf of the LLC. Excimer Associates, Inc v. LCA Vision, Inc. 292 F.3d 134, 139-140 (2d Cir. 2002). Explaining this test, the Second Circuit held that "the critical question posed by the direct injury test is whether the

damages a plaintiff sustains are derivative of any injury to a third party. If so, when the injury is indirect; if not, it is direct." Laborers Local 17 Health & Benefit Fund v. Philip Morris, 191 F.3d 229, 238-39 (2nd Cir. 1999). Plaintiff cannot show that that Fusion Modeling had any assets and that Gordon judicial dissolved the LLC and lawfully winded up the affairs of Fusion since she was not able to communicate with plaintiff. No admissible evidence or proof of damages has been presented during fact discovery.

New York law does not permit fiduciary duty claims duplicative of breach of contract. William Kaufman Org., Ltd. v. Graham & James LLP, 703 N.Y.S.2d 439, 269 A.D.2d 171 (1st Dept 2000). Here, both claims arise from the Operating Agreement, and the fiduciary duty claim is duplicative.

**G. Plaintiff's Inducement of Breach of Fiduciary Duty against Fusion BK fails (Fourth Claim)**

Plaintiff alleges Fusion BK induced Gordon to breach fiduciary duties. As mentioned regarding the breach of fiduciary duty claim against Gordon, in order to establish breach of fiduciary duty, a plaintiff must prove the existence of a breach of fiduciary relationship, misconduct by the defendant, and damages that were directly cause by the defendant's misconduct. Kurtzman v. Bergstol, 40 A.D.3d 588, 590 835 N.Y.S.2d 644 (2nd Dep't 2007). As Fusion BK was formed by Gordon, it cannot "induce" her to breach her acts are legally indistinguishable from those of Fusion BK. This claim is derivative of the fiduciary claim against Gordon, if that fails, this fails as well.

G.  **Plaintiff's claim for Violation of the NY LLC Law Section 1102(B) and Operating Agreement (Fifth Claim)**

Plaintiff's fifth claim fails as well. Fusion Modeling Agency was judicially dissolved on April 30, 2021. The Defendant was deposed and was not even asked any substantive questions regarding these claims. All the documents have been produced during fact discovery.

Plaintiff alleges Gordon denied access to records. But Article VI of the Operating Agreement provides section 6.1 – 6.2:

"Books and records of the Company will be maintained at the principal office of the Company. Each Member has the right, on reasonable request … to inspect during normal business hours … any of the Company records required to be maintained by Section 6.1 and such other information regarding the affairs of the Company as is just and reasonable." (Ex. A §§ 6.1–6.2).

Defendants produced financials, tax returns, and K-1s consistent with § 6.2. Plaintiff cannot identify a specific document unreasonably withheld. No violation of LLC Law § 1102(b) or the Agreement occurred. Defendants provided financials and tax information; disputes over sufficiency do not amount to statutory violation. Gordon turned over 2000 pages in discovery. No damages are shown.

**H. Plaintiff's Demand for Equitable Accounting against Gordon (Sixth Claim)**

Plaintiff's equitable accounting claims are moot. Under New York law, there are four elements to a claim for equitable accounting (1) a fiduciary relationship (2) entrustment of money or property (3) no other remedy and (4) a demand and refusal of an accounting. Romain v.Seabrook, 16 civ 8470, 2017 WL 6453326 (S.D.N,Y Dec 15 2017) (quoting In Re Guardianship of Kent 188 Misc. 2d 509, 729 N.Y. S.2d 352 (N.Y. Sup. Ct, 2001. During fact discovery, Defendant turned over documents requested by Plaintiff for Fusion Modeling

Agency LLC. Plaintiff has had access to financial records through discovery and cannot demonstrate absence of remedy at law.

**I. Plaintiff is not entitled to Legal Fees (Seventh Claim)**

Plaintiff seeks attorneys' fees under Section 9.11 of the Operating Agreement

This fails because Plaintiff will not prevail, and under the American Rule, fees are not recoverable absent contract or statute. See Hooper Assocs. v. AGS Computers, Inc., 74 N.Y.2d 487, 491, 548 N.E.2d 903 (1989).

However, Defendants have filed a counterclaim under Section 9.11. That provision states: "In the event that any dispute … should result in litigation … the prevailing party … will be entitled to recover … all reasonable fees, costs and expenses … including attorneys' fees and expenses." (Ex. A § 9.11). Hooper Assocs. v. AGS Computers, Inc

If the Court grants summary judgment dismissing Plaintiff's Complaint, Defendants become the "prevailing party." The Second Circuit enforces such provisions. See F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1263 (2d Cir. 1987) (contractual fee-shifting enforceable).

## CONCLUSION

For the reasons discussed above, there can be no genuine issues as to any material fact with respect to the alleged misstatements, the lack of scienter, and/or Plaintiff's inability tp prove their case. The failure of any record evidence to support the elements of Plaintiff's claims entitles Defendants to judgment in their favor as a matter of law. Defendants therefore respectfully submit that the Court should grant their Motion for Summary Judgement and grant Defendant's

counterclaim legal fees in the amount of $80,000.00 in its entirety with prejudice and awarding such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       September 29, 2025

                                    Yours, etc.

                                    By:        /s/ *Maria Patelis*
                                                    Maria Patelis, Esq.
                                                    Maria Patelis & Associates, PLLC
                                                    Attorney for Defendants
                                                    7024 18th Avenue
                                                    Brooklyn, New York 11204
                                                    917-653-7214
                                                    m.patelis@aol.com