EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
JODIE GORDON,

                          Petitioner,

-against-                                      Index No.:

                                             **VERIFIED PETITION FOR**
                                             **JUDICIAL DISSOLUTION**

FUSION MODELING AGENCY, LLC

                          Respondent.
------------------------------------------------------------------X

**TO THE JUSTICES OF THE SUPREME COURT OF THE STATE OF NEW YORK:**

Petitioner Jodie Gordon, by and through her undersigned attorneys, as and for their Verified Petition for Judicial Dissolution of Respondent FUSION MODELING, LLC (hereinafter the "Company") pursuant to sections 702 and 703 of the Limited Liability Company Law ( hereinafter "LLCL"), respectfully represents and alleges:

**PARTIES**

1.     The Company is a domestic limited liability company organized under the LLCL on December 7, 2006 having its principal office at 101 North 10th Street #301, Brooklyn, New York, 11249.

2.     Petitioner Jodie Gordon is an individual resident and domiciliary of the State of New York.

3.     Jurisdiction over this matter rests with this Court pursuant to Section 702 of the LLCL as the office of the Company is located within the Second Judicial District.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

4. On or about December 7, 2006, Petitioner and other investors and members entered into a written "Operating Agreement of Fusion Modeling Agency LLC" (hereinafter the "Operating Agreement").

5. A true, accurate, and complete copy of the Operating Agreement is annexed hereto as Exhibit "A".

6. The Affidavit of Petitioner Jodie Gordon is annexed hereto as Exhibit "B".

7. As set forth in "Schedule A" of the Operating Agreement, upon the inception of the Company, Petitioner and members were members of the Company with the following ownership Units:

|  | Capital Contribution | Number of Units |
|---|---|---|
| Jodie Gordon | $0 | 33 |
| Kevin Pollack | $0 | 33 |
| Charles Hall | $37,500 | 8.25 |
| Benjamin Chui | $37,500 | 8.25 |
| Nathan Ankney | $10,000 | 2.20 |
| Paragon Strategic Group, Inc. | $65,000 | 14.30 |
| TOTAL | $150,000 | 99 Units |

8. As of the date hereof, Charles Hall, Benjamin Chui, Nathan Ankney, and Paragon Strategic Group, Inc. are no longer members of the Company. The only members of the Company are Jodie Gordon and Kevin Pollack.

9. Jodie Gordon currently has a 65% stake in the Company, while Kevin Pollack (hereinafter "Mr. Pollack") currently has a 35% stake in the Company. They are the only two members of the Company that remain.

10. Section 1.3 of the Operating Agreement states, "the Company's principal office will be located at 601 West 26 Street, Suite 1737, New York, New York, 10001, or such other place as the Managing Members may determine. Prompt notice of any change in the location of the principal office will be given to all Members."

11. Since the inception of the Company, the Company's principal offices have moved from their initial location on West 26th Street, and are now located at 101 North 10th Street #301, Brooklyn, New York, 11249.

12. Section 1.6 of the Operating Agreement states as follows:

"1.6 Business of the Company. The Company has been organized to engage in the following business:
1.6.1 Operating as a modeling agency;
1.6.2 Engaging in such other activities directly or indirectly related to the foregoing as may be necessary or advisable in the opinion of the managing members to further any aspect of the Company's business; and
1.6.3 Engaging in any lawful business for which limited liability companies may be organized under the law"

13. As provided in Section 5.4.1 of the Operating Agreement, "Initially, Gordon, Pollack, and Hall will be the managing members. Hall, Chui, Ankney, and Paragon may elect another Member to serve as a Managing Member if Hall should resign or cease to be a managing member"

14. Because Hall is no longer a member, Jodie Gordon and Kevin Pollack are both the sole remaining members and the sole remaining Managing Members.

15. The Operating Agreement specifies in Section 5.4.2 that "The Members will have no right to remove the Managing Members for any reason".

16. Pursuant to Section 5.1.4 of the Operating Agreement, unanimous approval of the members is required to obtain a loan on behalf of the Company. Section 5.1.4 reads as follows:

"Upon unanimous approval of the Members borrow funds and issue evidences of indebtedness on behalf of the Company on either a recourse or nonrecourse basis and to pledge and hypothecate assets of the Company for such loans; and to prepay in whole or in part, refinance, revise, increase, modify, or extend any liabilities affecting the Company assets and in connection therewith execute any extensions or renewals thereof;"

17. Mr. Pollack has continually frustrated the purpose of the Company over the past several years. This has led to operational issues which have endangered and continue to endanger the Company financially.

18. Because of this and for other reasons enumerated herein, the business relationship between Mr. Pollack and Petitioner has become irreconcilable.

19. On or about 2016, Mr. Pollack refused to co-sign with Ms. Gordon for a lease for the Company. Ms. Gordon had to assume all of the risk to continue in the best interest of the business.

20. Mr. Pollack has utterly refused to consent to the Company obtaining bank overdraft protection. This is necessary to effectuate the functionality of the Company because of the nature of cash flow in the modeling industry. Oftentimes, clients of the Company take a long time to pay what is owed to the Company, and, in the meantime, the Company is still liable for its own bills and payroll. Without overdraft protection, it is extremely difficult to meet these financial deadlines.

21. Mr. Pollack has also repeatedly denied to co-sign loans for the Company through a bank, leaving Petitioner Gordon to assume all of the financial risk for the Company.

22. The Coronavirus Pandemic has severely impacted the Company's business as a modeling agency. Because the modeling agency business is primarily a close-contact industry, there has been no recourse for the now eight months of lockdown (and counting).

23. The only way for the Company to survive the Coronavirus pandemic is to obtain relief in the form of loans and grants. Earlier this year, Mr. Pollack agreed to a PPP loan which helped keep the Company afloat until now, because it was a fully forgivable loan and thus no risk. However, the funds from the PPP loan are now gone.

24. With time being of the essence, Petitioner Gordon approached Mr. Pollack to ask his permission to obtain bank loans to continue to help the struggling Company. Mr. Pollack utterly refused to do so. This is particularly shocking because the loan would have helped save the business and was low interest. However, it is apparent that Mr. Pollack only wants Petitioner Gordon to solely assume any risk whatsoever for the business.

25. Without a bank loan, the Company will continue to drain all of its available resources to pay for bills and payroll until it is completely bankrupt.

26. It is obvious that Mr. Pollack no longer wishes to help the Company and only wishes to realize profits at Petitioner Gordon's sole hard work and financial risks.

27. For the foregoing reasons, Petitioner Gordon and Mr. Pollack's relationship has become strained to the point of irreconciliation.

28. Therefore, the management of the Company is unwilling and/or unable to reasonably permit or promote the stated purpose of the Company to be realized and/or achieved.

29. Based on the foregoing, continuing the operation of the Company is financially unfeasible.

30. Article VIII of the Operating Agreement specifies the procedure for dissolution of the LLC:

"8.1 Dissolution. The Company will be dissolved and its affairs will be wound up upon the earliest to occur of the following:
 8.1.1 The sale or other disposition of all or substantially all of the Company's assets and distribution of the proceeds of such sale or disposition;

    8.1.2    Unanimous election of the Members to dissolve the Company;

    8.1.3    The resignation of a Managing Member where either no other Managing Member exists or the remaining Members do not elect to continue the business of the Company as provided in Section 8.4; or

    8.1.4    Any other event which is specified in this Agreement or the entry of a decree of judicial dissolution pursuant to the Law."

31.    Upon a decree of Judicial Dissolution, Petitioner agrees to wind up the affairs of the Company in good faith and as per the provisions of the Operating Agreement.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Judicial Dissolution)

32.    Petitioner repeats and reiterates the allegations in Paragraphs 1-17 and if set forth fully and with equal force herein.

33.    Section 702 of the LLCL, titled "Judicial Dissolution" provides, in pertinent part, as follows:

"On application by or for a member, the supreme court in the judicial district in which the office of the limited liability company is located may decree dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement. A certified copy of the order of dissolution shall be filed by the applicant with the department of state within thirty days of its issuance."

34.    Based upon the facts and circumstances described herein, Petitioners respectfully submit that it is no longer possible to carry on the business of the Company in conformity with the Articles of Organization or the Operating Agreement.

35.    Consequently, Petitioner Jodie Gordon demands the entry of an Order decreeing the dissolution of the Company pursuant to Section 702 of the LLCL.

WHEREFORE, Petitioner respectfully requests the entry of an Order of this Court decreeing that the Company be dissolved and granting such other and further relief as may be just and proper.

Dated: December 21, 2020
Brooklyn, New York

*[signature]*

Salvatore Strazzullo, Esq.
Strazzullo Law & Associates, PLLC
Attorney for Petitioner Jodie Gordon
7101 18th Avenue
Brooklyn, New York, 11204

TO:

Kevin Pollack
101 E Camino Real Apt. 1021
Boca Raton, Florida 33432-6180

# VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF KINGS      )

JODIE GORDON, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing VERIFIED PETITION FOR JUDICIAL DISSOLUTION and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_[signature]_
JODIE GORDON, Plaintiff

Sworn to before me this 21st
day of December, 2020

_[signature]_
Notary Public

_[Notary seal: MARIA PATELIS, NOTARY PUBLIC, NO. 02PA6053134, QUALIFIED IN RICHMOND COUNTY, COMM. EXP. 01-02-23, STATE OF NEW YORK]_