**EXHIBIT 1**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
JODIE GORDON

                         Petitioner,

-against-

FUSION MODELING AGENCY, LLC

                         Respondent.
-----------------------------------------------------------------X

Index No.: 500709/2021

**NOTICE OF ENTRY**

S I R:

    **PLEASE TAKE NOTICE,** that the within is a true copy of the Decision and Order issued by the Honorable Reginald A. Boddie, J.S.C., on April 30, 2021, and entered in the office of the County Clerk for the Kings County Supreme Court on May 3, 2021. Said Decision and Order does not need to be settled on notice, as it has already been executed by the Honorable Reginald A. Boddie, J.S.C.

Dated: May 10, 2021
       Brooklyn, New York

                                              Yours, etc.,

                                              By: _____
                                              Salvatore E. Strazzullo, Esq.
                                              Attorneys for Petitioner
                                              Strazzullo Law and Associates PLLC
                                              7101 18th Avenue
                                              Brooklyn, New York 11204
                                              (718)-259-4600

To: New York Department of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

At an IAS Commercial Term Part 12 of the
Supreme Court of the State of New York, held
in and for the County of Kings, at the
Courthouse, located at 360 Adams Street,
Borough of Brooklyn, City and State of New
York, on the 30th day of April 2021.

P R E S E N T:
Honorable Reginald A. Boddie, JSC
-------------------------------------------------------x
JODIE GORDON,

                    Petitioner,

    -against-

FUSION MODELING AGENCY, LLC,

                    Respondent.
-------------------------------------------------------x

Index No. 500709/2021
Cal. No. 11 MS 1

**DECISION AND ORDER**

| Papers | Numbered |
|---|---|
| MS 1 | Doc. # 1-9 |

    Upon the foregoing cited papers, the decision and order on petitioner's petition, pursuant to Limited Liability Company Law § 702, for judicial dissolution, is as follows:

    Petitioner Jodie Gordon, the 65% member of respondent Fusion Modeling Agency, LLC (FMA), a New York limited liability company, commenced this proceeding, pursuant to Limited Liability Company Law § 702, for judicial dissolution of FMA. Petitioner alleged that her business relationship with Kevin Pollack, the 35% member of FMA, has become irreconcilable based on Mr. Pollack's refusal to consent to overdraft protection, which the bank would not issue without Mr. Pollack's consent, or co-sign on a loan.

    Petitioner averred overdraft protection is necessary to effectuate the functionality of FMA because of the nature of cash flow in the modeling industry. She alleged it takes a long time for clients to pay what they owe to FMA while FMA remains liable for its bills and payroll. Petitioner also alleged, in relevant part, a December 7, 2006 operating agreement is in effect between herself and Mr. Pollack for the purpose of operating FMA as a modeling agency.

Case 1:23-cv-02376-SCB-KNF Document 22-4 Filed 11/12/25 Page 5 of 5 PageID #:09/2021
FILED: KINGS COUNTY CLERK 05/03/2021 04:18 PM
NYSCEF DOC. NO. 10
INDEX NO. 500709/2021
RECEIVED NYSCEF: 05/10/2021
RECEIVED NYSCEF: 05/03/2021

Petitioner alleged, pursuant to section 5.1.4 of the operating agreement, unanimous approval of the members is required to obtain a loan on behalf of FMA, and Mr. Pollack refuses to co-sign. Petitioner averred that FMA has suffered financially during the pandemic, its PPP loan has been exhausted, and continued operation without a loan is financially unfeasible and will drain all of FMA's financial resources.

Limited Liability Company Law § 702 governs judicial dissolution, and provides that judicial dissolution of an LLC is available "whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement." To prevail, petitioner must establish, in the context of the terms of the operating agreement or articles of incorporation, that (1) the management of the entity is unable or unwilling to reasonably permit or promote the stated purpose of the entity to be realized or achieved, or (2) continuing the entity is financially unfeasible (*Matter of 1545 Ocean Ave., LLC*, 72 AD3d 121, 131 [2d Dept 2010]). Here, petitioner established grounds for judicial dissolution. Accordingly, the petition is granted without opposition by respondent. Petitioner shall settle Order of Dissolution on notice.

/s/ RAB
Honorable Reginald A. Boddie
Justice, Supreme Court

HON. REGINALD A. BODDIE
J.S.C.