FILED
CLERK
11/12/2025 4:54 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
KEVIN POLLACK,

                      Plaintiff,

      -against-

JODIE LOUISE GORDON (also known as
JODY GORDON) and FUSION MODELS
BK LLC,

                      Defendants.
-------------------------------------------------------------------X

Case.:23 Civ. 2376 (SJB) (LKE)

**DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION OF THEIR MOTION FOR <u>SUMMARY JUDGEMENT</u>**

Defendants Jodie Louise Gordon (also known as Jody Gordon) ("Gordon") and Fusion Models BK LLC ("Fusion BK") respectfully submit this memorandum of law in support of their motion for summary judgment.

## PRELIMINARY STATEMENT

Plaintiff's opposition confirms that summary judgment must be granted. Despite three years of litigation, Plaintiff offers no admissible evidence of damages, no proof of any breach of duty, and no competent evidence that Defendants acted outside the scope of the Operating Agreement or the May 3, 2021 dissolution order. Plaintiff's entire opposition hinges on the opinion of his purported valuation expert, Quan Vu, whose methodology fails every *Daubert* factor and whose report is legally and factually defective and that which the Defendants' filed a Motion for Summary Judgment.

As detailed in Defendants' motion to exclude plaintiff's expert witness under rule 702 of the federal rules of evidence, Vu's analysis rests on an undefined "intrinsic value" standard, arbitrary assumptions, and a single non-comparable public company. Without Vu, Plaintiff is left with only his self-serving declaration and conjecture about "brand goodwill" not evidence. Under Celotex Corp. v. Catrett, 477 U.S. 317 (1986), such speculation cannot survive summary judgment.

Even apart from damages, the claims are barred by multiple independent defects: (1) the alleged injury belongs to the LLC, not Plaintiff individually; (2) the fiduciary and tort claims duplicate the contract claim; (3) Plaintiff's equitable and statutory claims are non-actionable or moot; and (4) Defendants' conduct was consistent with the discretion conferred by Article 8.2 of the Operating Agreement and protected by the business-judgment rule.

Plaintiff's only damages theory depends on Vu's valuation report, which Defendants have moved to exclude under Daubert v. Merrell Dow Pharm., 509 U.S. 579 (1993). Vu applied an "intrinsic value" standard not recognized in law or finance, used an unreliable DCF model with arbitrary growth rates, and relied on incomplete data. Plaintiffs expert never examined Fusion's tax returns, client lists, or financial statements. The Vu report therefore fails the reliability, relevance, and qualification prongs of *Fed. R. Evid. 702* and Amorgianos v. Nat'l RR Passenger Corp., 303 F.3d 256 (2d Cir. 2002).

Without Plaintiff's expert, there is no admissible evidence of the alleged valuation. Plaintiff's lay assertions are legally insufficient to establish damages with reasonable certainty. See Kenford Co. v. County of Erie, 67 N.Y.2d 257 (1986).

In their Opposition, Plaintiff set to combine and confuse the facts by trying to show damages through alleged contractual breaches. Plaintiffs' Opposition jumps back and forth between a 3 million dollar valuation to a 10 million dollar one and even 16 to 20 million dollar one. The facts are clear that the plaintiff has not followed through with due diligence and brought in an unqualified expert that has no prior experience to provide a singular valuation which is essential and foundational to establish damages which are an essential element in his pleading. Pointing to Instagram profiles and email addresses are not proper ways to plead damages.

In addition to all this, plaintiff stated in their Opposition that Plaintiff served as Fusion's advisor on financial matters from 2006 through 2021 and thus has enough experience and knowledge to determine that "Fusion's intangible assets, its trade name, marks, domain, email system, social-media accounts, and goodwill, could have been sold for approximately $16 million within ninety days of dissolution".   This directly

contradicts their claim that the defendant was not forthcoming with the financials of Fusion and breached the LLC terms and Fiduciary Duties.

Plaintiff is inconsistent with his claims. They admit that Plaintiff had enough information to make the above statement to the court but then claim that the defendants hid financial records from them. This shows that their claims have no truth to them and they are a means of extortion and to make a quick sum of money outside the rule of law.

Plaintiff claims Gordon "stole Fusion's goodwill" by forming Fusion BK. But goodwill is an intangible belonging to the LLC, not a personal asset. He provides no appraisals, audited financials, or client contracts demonstrating value. Courts consistently reject such speculative claims. See Schonfeld v. Hilliard, 218 F.3d 164 (2d Cir. 2000).

Fusion's assets: its brand, website, email system, and social media accounts were company property, not Plaintiff's personal assets. Under N.Y. LLC Law §§ 701–704, members have no direct ownership of LLC property. Any misuse or misappropriation is a derivative harm to the company. See Tzolis v. Wolff, 10 N.Y.3d 100 (2008).

The bulk of plaintiffs' claims are not well pleaded and treat LLC property as if they are his own and seeks recovery based on this false assumption.  Article 8.2 of the Operating Agreement vests the managing member ( in this case Gordon) with authority to "wind up the affairs of the Company and distribute remaining assets as promptly as is consistent with obtaining fair value." (Operating Agreement Art. 8.2.). The May 3, 2021 dissolution order reaffirmed Gordon's role as winding-up manager. Plaintiff's attempt to re-litigate those issues in this Court constitutes an impermissible collateral attack barred by Migra v. Warren City School District Board of Education, 104 S.Ct. 892 (1984).

Because Plaintiff asserts only a derivative injury, he lacks standing. His alleged "lost membership value" cannot form the basis of an individual claim. See <u>Cordts-Auth v. Crunk LLC,</u> 479 F. App'x 375 (2d Cir. 2012).

## PLAINTIFF'S REMAINING CLAIMS ARE DUPLICATIVE AND LEGALLY DEFECTIVE

Plaintiff's fiduciary-duty claim arises entirely from the same facts as the alleged breach of contract (Gordon's failure to liquidate Fusion within 90 days). Where a fiduciary claim merely restates contractual obligations, it is duplicative. <u>Brooks v. Key Trust Co</u>., 26 A.D.3d 628 (3d Dep't 2006).

The plaintiff claims to know Fusion Modeling Agency LLC's financials well enough to value damages at $16 million, yet also asserts the defendant withheld this information from him.

Fusion BK cannot tortiously interfere with the Operating Agreement because its sole member, Gordon, is a party to that agreement. A party cannot interfere with its own contract. <u>Joan Hansen & Co. v. Everlast World's Boxing HQ Corp</u>., 296 A.D.2d 103 (1st Dep't 2002).

Moreover, even if Fusion BK were a separate actor, its conduct was privileged as an economic interest of Gordon, Fusion's managing member. Plaintiff completely ignore this in their Opposition in hopes that these claims survive scrutiny despite their legal deficiency.

Summary judgment should be granted against these claims as a matter of law. The statutory and equitable causes of action are not actionable. Plaintiff's §1102(b) claim fails because the statute confers only inspection rights, not monetary damages.

Plaintiff has already obtained discovery; the claim is moot. The equitable-accounting claim is duplicative because Plaintiff seeks monetary relief and has an adequate remedy at law. See <u>Unitel Telecard Distribution Corp. v. Nunez,</u> 90 A.D.3d 568 (1st Dep't 2011).

Even assuming liability, Plaintiff has not shown that any conduct by Defendants caused a measurable financial injury. He identifies no asset transfer, no domain registry proof, no bank records, and no buyers. His claim that Fusion BK's success "must reflect Fusion's value" is completely speculative. The law requires proof of a causal nexus between wrongful conduct and quantifiable loss. <u>Schonfeld v. Hilliard, et al</u>, 218 F.3d at 175 (2000).

Moreover, in Plaintiff's Opposition, they are relying on an outdated Fed. R. Evid. 702(a) rule which has been amended in 2023. The updated rule requires courts to carefully screen expert testimony, ensuring only reliable evidence reaches the jury and preventing confusion or bias from defective opinions. Plaintiff cannot meet that burden. To reiterate, Plaintiff's alleged injury belongs to Fusion. This jurisdictional defect independently mandates dismissal.

The 2021 dissolution Order by the Kings County Supreme Court conclusively determined Fusion's status and winding-up authority. Plaintiff never moved to vacate or appeal that decision. He cannot now relitigate it in this action. <u>Hoblock v. Albany Cty. Bd. of Elections</u>, 422 F.3d 77 (2d Cir. 2005).

Article 8.2 of the Operating Agreement grants defendant Gordon discretion to liquidate "as promptly as is consistent with obtaining fair value." Her choice to preserve Fusion's intangible assets pending market conditions was within that discretion and protected by the business-judgment rule. <u>Auerbach v. Bennett</u>, 47 N.Y.2d 619 (1979).

Plaintiff seeks only economic damages for alleged contractual breaches. Under Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70 N.Y.2d 382 (1987), such losses cannot support tort claims. Plaintiff's own refusal to cooperate during Fusion's operations contributed to its dissolution. The plaintiffs' delay in seeking relief by waiting nearly a year post-dissolution constitutes waiver. Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806 (1945).

## CONCLUSION

For the foregoing reasons, and those set forth in Defendants' Motion for Summary Judgment and motion to exclude plaintiff's expert witness under rule 702 of the federal rules of evidence, Defendants Jodie Gordon and Fusion Models BK LLC respectfully request that the Court grant Defendants' motion for summary judgment dismissing the Complaint with prejudice; and award Defendants such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
November 10, 2025

Yours, etc.

By:    /s/ Maria Patelis
Maria Patelis, Esq.
Maria Patelis & Associates, PLLC
Attorney for Defendants
7024 18th Avenue
Brooklyn, New York 11204
917-653-7214
m.patelis@aol.com