**FILED
CLERK**

11/12/2025

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KEVIN POLLACK,

                Plaintiff,

Case.:23 Civ. 2376 (SJB) (LKE)

      -against-

JODIE LOUISE GORDON (also known as
JODY GORDON) and FUSION MODELS
BK LLC,

                Defendants.
-----------------------------------------------------------------X
SIRS:

# MEMORANDUM OF LAW IN REPLY TO DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY AND REPORT OF QUAN A. VU

Defendants Jodie Louise Gordon (also know as Jody Gordon) ("Gordon") and Fusion Models BK LLC (Fusion BK) ("Defendants"), respectfully submit this memorandum of law in support of their motion to exclude the expert testimony of Quan A. Vu ("Vu") proffered by Plaintiff Kevin Pollack ("Pollack or "Plaintiff").

## PRELIMINARY STATEMENT

Plaintiff's opposition relies on the same mistaken premise that underlies his expert's report: that admissibility under Rule 702 is "liberal" and exclusion is "the rare exception." That argument is outdated. The 2023 amendments to Rule 702 reaffirmed that the proponent must prove, by a preponderance of the evidence, that an expert's opinion is based on reliable principles and that those principles have been reliably applied to the facts. Fed. R. Evid. 702(a)–(d), advisory comm. note (2023).

Under that standard, Plaintiff's expert Quan Vu's opinions cannot be admitted for the following reasons because their expert is not qualified to conduct the valuation; Experts' testimony is based on insufficient facts, applied methodology used is flawed; and has not reliably applied those principles and methods to the facts of the case.

The plaintiff seeks to portray the Defendants as engaging in a campaign of defamation against Vu. However, no party has made any personal attacks on Vu or sought to discredit his accomplishments. Rather, the Defendants' position is that Vu's conclusions are misaligned with, and fail to satisfy, the requirements of the task at hand.

Vu admitted that he holds no professional valuation designations (not ASA, CFA, CPA/ABV, or NACVA) and has never been qualified as an expert witness in any court.

(Vu Dep.11:2–12:9.). He further acknowledged that this is his "first litigation valuation. Id. 13:11–14:6.)

Plaintiff's expert explained why this is disqualifying, "a competent valuation professional must follow either USPAP or AICPA SSVS-1 standards. Mr. Vu's report complies with neither and demonstrates no awareness of these requirements. Courts routinely exclude purported experts who lack field-specific credentials or familiarity with accepted professional standards. <u>Hollman v. Taser Int'l Inc.,</u> 928 F. Supp. 2d 657 (E.D.N.Y. 2013). Vu's generalized finance background and self-described 'deal experience' do not establish expertise in small-business valuation.

To begin with, the plaintiff's expert does not possess the qualifications necessary to assess the value of Fusion Modeling LLC. Vu's deposition confirms that his inputs were neither verified nor documented. He admitted that he "reconstructed" Fusion's financials from "summary data" provided by Plaintiff and that he averaged discrepancies between tax returns and bank statements rather than reconcile them. (Vu Dep. 34:15–22, 41:4–10.) He further testified that his 25% expense-reduction assumption was based on "industry potential" and not on any data specific to Fusion. (Vu Dep. 44:19–23.)

As the defendants' Heidi Muckler found: "Mr. Vu's 25% efficiency adjustment has no empirical or documentary basis. It appears to have been created solely to inflate the EBITDA multiple and yield a higher equity value." Defendant's Exhibit "3." Vu's choice of Wilhelmina International as his sole "comparable" is equally indefensible. He conceded that Wilhelmina is a publicly traded company with over 100 employees and global operations. (Vu Dep. 53:12–19.) Fusion, by contrast, was a two-member boutique agency. "Wilhelmina's scale, capitalization, and revenue model are not remotely comparable to Fusion." Defendant's Exhibit "3." In short, Plaintiff's expert used a summary of financial documents which in no way can paint a complete

picture of Fusion Modeling and compared a small boutique form with a publicly traded industry giant.

Pursuant to Rule 702(d), these unsupported extrapolations make the testimony inadmissible. Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 266 (2d Cir. 2002).

Plaintiffs' expert did not use reliable data to base his valuation, his applied methodology is flawed. Plaintiff's expert calculated "intrinsic value," not market value. He conceded that his analysis represented "economic worth to a buyer," not the amount a willing buyer would pay a willing seller in an arm's-length transaction. That distinction is fatal because New York recognizes only fair market value for damages. See Kenford Co. v. County of Erie, 67 N.Y.2d 257 (1986); Schonfeld v. Hilliard, 218 F.3d 164 (2d Cir. 2000).

Moreover, Vu's discounted-cash-flow model projects profits for a dissolved company. A DCF cannot be applied to an entity without continuing operations or reliable projections. His use of "bolt-on acquisition synergies" and speculative cost reductions transforms the model into conjecture, not analysis. See General Elec. v. Joiner, 522 U.S. at 146 (1997). The plaintiff claiming that DCF is a valid method does not make it into one. In the cases cited by the plaintiff, the DCF method is used as a tool to calculate *other* factors and *not* to valuate businesses. For example, Energy Capital Corp. v. United States, 302 F.3d 1314, 1331 (Fed. Cir. 2002) is a case about lost profits. Calculating lost profits and valuating a business is not comparable. In Frymire-Brinati v. KPMG Peat Marwick, 2 F.3d 183, 186 (7th Cir. 1993) which the plaintiff cited is about securities fraud and is yet again distinguishable from our current case. The plaintiff also cited to See Lippe v. Bairnco Corp., 288 B.R. 678, 689 (S.D.N.Y. 2003), aff'd, 99 F. App'x 274 (2d Cir. 2004) which relied on the pre-2023 amendment standard and where the business is not comparable to Fusion Modeling Agency, LLC.

In short, DCF is not an appropriate method in this case as explained by the defenses expert: "A discounted cash flow analysis cannot be applied to an entity that is defunct, lacks operating continuity, or has no reliable future projections. The use of DCF here produces speculative, non-market values." No court has allowed such conjectural valuation to reach a jury. General Electric Co. v .Joiner, 522 U.S. 136, 146 (1997). According the Defendant's expert "Mr. Vu's definition of 'intrinsic value' is not recognized in any valuation standard, and his model ignores fundamental principles of market valuation under IRS Rev. Rul. 59-60." Defendant's Exhibit "3."

Plaintiff's expert has not reliably applied those principles and methods to the facts of the case Rule 702(a) requires that expert testimony "help the trier of fact." Vu's opinions do the opposite. His "going concern" assumptions directly contradict the judicial dissolution order declaring Fusion defunct. He projected growth and "bolt-on acquisition synergies" for a business with no employees, assets, or clients.

"Mr. Vu's model treats Fusion as a growing enterprise despite evidence of operational insolvency and negative equity in 2020. His analysis assumes a hypothetical sale of a non-existent business." Defendant's Exhibit "3." This mismatch between data and conclusion is precisely what Nimely v. City of New York, 414 F.3d 381, 396–97 (2d Cir. 2005), describe as an "analytical gap" requiring exclusion. Allowing Vu's testimony would mislead the jury into treating speculation as valuation evidence. Rule 702's gatekeeping function exists to prevent that result.

CONCLUSION

As revealed by his own deposition testimony, Vu's valuation standard, his application of methodologies, and his ultimate opinion are entirely untethered from the issues and facts of this

case. Thus, and for reasons discussed herein, Defendants respectfully submit that that the Court should grant their Motion and exclude the expert testimony of Quan A. Vu in its entirety.

Dated: November 10, 2025
      Brooklyn, New York

                                  Respectfully submitted,

                                  By: /s/ Maria Patelis

Maria Patelis, Esq.
Maria Patelis & Associates, PLLC.
7024 18th Avenue
Brooklyn, New York 11204
917-653-7214
m.patelis@aol.com
Attorney for Defendants